UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10017-GAO

UNITED STATES OF AMERICA

v.

TAREK MEHANNA,
Defendant.

OPINION AND ORDER
March 1, 2011

O'TOOLE, D.J.

I.      **Defendant's Renewed Motion for Release on Bail (dkt. no. 106)**

The defendant was arrested in November 2008 on a complaint charging him with making a false statement to a federal officer in a matter related to domestic or international terrorism, in violation of 18 U.S.C. § 1001(a)(2). The maximum term of imprisonment that could be imposed was 8 years. Magistrate Judge Sorokin released the defendant with conditions after a detention hearing at which the government had moved for detention. The defendant was then indicted on the same charge, and with modest changes, he continued to be released on conditions.

In November 2009, a superseding indictment was returned by the grand jury, charging the defendant with two counts of making false statements, one count of conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A,

providing or attempting to provide material support to terrorists in violation of the same statute, conspiracy to kill in a foreign country in violation of 18 U.S.C. § 956, and conspiracy to make false statements in violation of 18 U.S.C. § 371. Conviction under § 956 would expose the defendant to a potential life sentence. Conviction under § 2339A would expose him to a sentence of imprisonment of up to 15 years.

The government moved for the defendant's detention. A detailed proffer supporting the motion was submitted and is in the record. After hearing, Magistrate Judge Sorokin issued an order of detention, finding that no condition or combination of conditions could reasonably assure the defendant's appearance as required or the safety of any other person or the community. The magistrate judge's conclusions were supported both by the statutory presumption of detention for a person charged with certain of the crimes for which the defendant is indicted, see 18 U.S.C. § 3142(e)(3)(B)-(C) and id. § 2332b(g)(5)(B)(i), as well as by specific information about the defendant's own words and actions set forth in the government's proffer.

The defendant did not seek review of the detention order by this Court. See 28 U.S.C. § 636(a)(2), (b)(1)(A).

A second superseding indictment added a charge of conspiring to provide material support or resources to a designated terrorist organization in violation of 18 U.S.C. § 2339B. At his arraignment on the second superseding indictment, the defendant made no argument regarding detention. By his present motion he now renews his motion for release.

Both the statutory presumption and the government's factual proffer continue to support the conclusions previously stated by the magistrate judge, and I adopt them without restating them at length. (See Mem. & Order on Gov't's Mot. for Detention (dkt. no. 47).)

The defendant essentially makes two arguments in support of his motion. First, he contends that the evidence that will ultimately be shown at trial will support his position that he is actually innocent of the crimes he is charged with. But the question of detention is not answered simply by prognostication about the ultimate outcome of the trial, although the weight of the government's evidence is a factor to be considered. See 18 U.S.C. § 3142(g)(2). The rebuttable presumption of detention arises when probable cause exists to believe that the defendant has committed certain designated offenses. The fact of indictment alone suffices to establish that here, and the government's detailed proffer substantially bolsters the existence of probable cause. Even with the presumption, of course, the Court must still consider whether conditions could be fashioned that would reasonably assure the defendant's appearance when required or the safety of the public. Even if the passage of time and the course of events have changed the calculus regarding the defendant's present dangerousness, as he argues, no circumstance calls into question the conclusion that the defendant's appearance when required cannot reasonably be assured short of detention.

Second, the defendant argues that release is necessary to permit him to consult adequately with counsel. It is always the case that a defendant's detention imposes inconveniences that make it more difficult to work with counsel than if the defendant were at liberty. Some special accommodations have already been made for the defendant,

however, such as the availability of a specially cleared computer for his use in custody. It is possible that further accommodations at his place of confinement may be appropriate. The Attorney General is hereby respectfully reminded of his obligation to assure that the defendant is provided with "reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). But logistical problems are not themselves a reason for the defendant's release.

The renewed motion for release is DENIED.

## II.      Defendant's Motion for a Bill of Particulars (dkt. no. 111)

The second superseding indictment charges the defendant with four counts of conspiracy and three substantive offenses. The conspiracy counts, in addition to generally describing the alleged conspiracy and its objectives, set forth, respectively, 27, 28, 6, and 8 specified overt acts. The two false statement charges identify particularly the statements alleged to be false and when they were made. The substantive count charging the defendant with providing or attempting to provide material support to terrorists immediately follows the count charging him with conspiring to provide material support to terrorists and is thus illuminated by the detail in the conspiracy count. In sum, the defendant is given adequate notice of the charges made against him by the text of the indictment itself.

Of course, the defendant at this stage also has other sources of information about what the nature and substance of the charges are from the government's detention proffer and the voluminous discovery.

Ordinarily, a motion for a bill of particulars is made within 14 days of a defendant's arraignment. See Fed. R. Crim. P. 7(f).  That timing is generally appropriate

because it should be rather quickly apparent to a defendant whether the indictment adequately advises him of what he is charged with. The present motion comes long after the defendant's arraignment on the present superseding indictment, a fact that supports the suspicion that he is not so much confused about what he is charged with as he is desirous of using a bill of particulars as a discovery device.

The motion for a bill of particulars is DENIED.

### III.     Defendant's Motion for Discovery (dkt. no. 112) (sealed)

The government has affirmed its intention to produce requested information to the extent that it constitutes statements of the defendant, exculpatory or impeachment evidence, prior statements of witnesses who will testify for the government, and materials relating to expert witnesses the government expects to call. In addition, the government has undertaken to provide some additional disclosure as noted in its response to the defendant's motion, and an order with respect to such matters is unnecessary. The government's obligation and undertaking to search for and produce exculpatory information is ongoing. With respect to impeachment, Jencks, and expert materials, the timing of disclosure will generally be governed by this Court's local rules except as special orders may be made hereafter.

Subject to the foregoing, the defendant's requests set forth in the following numbered paragraphs of his motion are DENIED: 1, 13, 22-30, 33-36, 38-40, 42-49, 59-65, 70-79, 81-83, 85-86.

The defendant's requests set forth in the following numbered paragraphs are DENIED WITHOUT PREJUDICE: 2-10, 15-20, 51-58, 84.

The government has undertaken to search for exculpatory material as requested in paragraph 14. The subject matter of paragraphs 31 and 32 is the subject of a separate motion and negotiation between the parties. The government asserts that it has complied with the request set forth in paragraph 80.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge