```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )
          v.                  )    Criminal No. 09-10017-GAO
                              )
                              )
TAREK MEHANNA                 )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, hereby responds to the Defendant's motion to compel production of exculpatory evidence dated July 15, 2011. For the reasons stated herein, the Government respectfully requests that the Defendant's Motion be denied.

**I.    INTRODUCTION**

The Government reaffirms and reiterates its respect for the obligation to proved exculpatory and impeachment evidence to the defendant.  The Government has and will continue to exceed its discovery obligations in this matter consistent with the Department of Justice's internal policies and procedures.  The Government also has and will continue to produce *Jencks* material

1

and other information which can be used by the defense for purposes of impeachment seasonably prior to trial.

In order to determine whether something is *Brady/Giglio* material, however, the defendant does not have a right to rummage through the government files if he does not believe the government's representations that there is no suppressed material which implicates his right to due process. Where a defendant makes a general request for *Brady* material, "the government's decision about disclosure is ordinarily final—unless it emerges later that exculpatory evidence was not disclosed." United States v. Prochilo, 629 F.3d 264, 268 (1st Cir. 2011). Recognizing its continuing obligation, when provided with specific requests for exculpatory information, the government has and will continue to investigate whether there is any information within its possession which must be disclosed. See United States v. Brooks, 966 F.2d 1500, 1505 (D.C.Cir. 1992)(finding even if a defendant were to "oinpoint[] specific files" without "identif[ying] exculpatory evidence [that the prosecution] withheld," "the case [would call] for the usual prosecutorial rather than judicial examination.".)

The defendant is not entitled to all evidence known or believed to exist nor to know what evidence the government does *not* have. See United States v. Aqurs, 427 U.S. 97, 106 (1976)(the Government is under "no duty to provide defense counsel with

unlimited discovery of everything known by the prosecutor"); see also Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987); United States v. Caro-Muniz, 406 F.3d 22, 30 (1st Cir. 2005) (holding that prosecutorial examination suffices without the exculpatory nature of specific withheld materials also being identified); United States v. Merlino, 349 F.3d 144 (3d Cir. 2003).  As stated in United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality. (citations omitted).

See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (*Brady* does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).  Nevertheless, the defendant acknowledges that the government has produced a 'massive volume of discovery'.  To the extent that the defendant disagrees with the government about the interpretation of a piece of information as exculpatory, the government has endeavored to equip the defendant to make that argument to the jury.

The court has previously dealt with the general request for exculpatory information and timing of witness impeachment

information request and should not revisit it now.  The balance of the requests were not specifically raised at that time nor sought through discovery letter process, but in any event, none of the defendant's requests have merit.  In any event, they should be denied.

The motion presents no new information or indicator of how the requested information (aside from impeachment information) will in fact be material to the defense.  <u>United States v. Carrasquillo-Plaza</u> 873 F.2d 10, 12 (1st Cir. 1989)("Defendant's pretrial, blanket demand for 'all books, paper, documents and tangible objects' material to his defense was too general to satisfy the requirement of a request and of a showing of materiality."). A defendant must "articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material." <u>Prochilo</u>, 629 F.3d at 268.  Both in terms of the lack of showing as well as the merits of the requests, the motion should be denied.

## II. REQUESTS FOR INFORMATION

The defendant makes five categorical requests for information.  All of them should be denied.

1. This is a request for prior interview notes (Forms 302 of

the FBI) pertaining to government witnesses. This information is traditionally turned over with *Jencks* material at the 21-day date envisioned by Local Rule 116.2.  In this case, some of these prior interview notes as well as grand jury testimony either has already been or will be turned over within the next week, well in advance of the 21-day date.  The interview materials turned over will provide the defense with an even more substantial preview of the witnesses expected testimony which is the ultimate test of whether testimony is consistent with prior statements of the witnesses.  The policies for this time-line incorporate the closeness to trial in which the parties must develop trial strategy, exhibits, witness decisions and preparation which are necessary to provide this information in an accurate, but still timely fashion.

    2 and 3. These requests are for affirmance or denial that the government did ***not*** find two specific types of evidence after specific searches for the same (whether there are direct communications between Al Qaeda and the defendant and whether there were terrorist training camps in Yemen).  The answers requested are not exculpatory.[1] The government is not required to

---

[1] Some of the information the defendant seeks ("were certain investigative steps taken") might be appropriate for cross examination of government witnesses, but are not appropriate as interrogatories to the government in advance of trial concerning investigative strategy and actions.

5

disclose investigative steps it took in an investigation, rather, it discloses information which it has in its possession which may be exculpatory or otherwise required by the rules of criminal procedure.  Whether an investigative step was conducted or revealed discoverable information is not probative of the defendant's guilt or innocence.  To the extent that the government is in possession of discoverable information pertaining to the indictment it has and will continue to comply with the operative law.

    4.   This request is for interactions with Al-Qaeda representatives or suspects which have not been produced.  To the extent that there is information which undercuts the defendant's provision of material support to Al-Qa'ida, any such information has been produced.  The government has no such information to provide other than has already been disclosed or revealed to the Court, neither of which evidence the defendant's rejection of tasking from Al-Qa'ida.

    5.   The person to whom the defendant sent his regards who was in proximity to Daniel Maldonado in Somalia was Omar Hammami.  It is not anticipated that Hammami will be a government witness.  To the extent that witnesses will discuss Hammami, since such information is not exculpatory, discovery of prior statements will be produced in 21-day material.

### III.     CONCLUSION

Accordingly, for the reasons stated herein, the defendant's motion to compel should be denied.

                    Respectfully submitted,
                    CARMEN M. ORTIZ
                    United States Attorney

                    By: /s/ Aloke Chakravarty
                    Aloke S. Chakravarty
                    Jeffrey Auerhahn
                    Assistant U.S. Attorneys

                    Jeffrey D. Groharing
                    Trial Attorney
                    Counterterrorism Section
                    National Security Division
                    U.S. Department of Justice

Date:    July 29, 2011

### CERTIFICATE OF SERVICE

I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    /s/ Aloke Chakravarty
                    Aloke Chakravarty
                    Assistant U.S. Attorney