UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10017-GAO

UNITED STATES OF AMERICA

v.

TAREK MEHANNA,
Defendant.

OPINION AND ORDER
August 19, 2011

O'TOOLE, D.J.

The defendant has moved to suppress evidence obtained by the government pursuant to the Foreign Intelligence Surveillance Act ("FISA"). The government's FISA applications, the affidavits related to those applications, the orders of the Foreign Intelligence Surveillance Court ("FISC"), and the information obtained in accordance with those orders are classified as secret or top secret. Neither the defendant nor his counsel have had access to those classified documents.

The defendant moves the Court to review these FISA-related materials, disclose these materials to the defendant, hold a hearing under Franks v. Delaware, 438 U.S. 154 (1978), and suppress all intercepts and fruits of the FISA surveillance and searches.

The Court has reviewed *de novo* the applications, affidavits, orders, and other FISA-related materials to assess the legality of the surveillance and searches here. See United States v. Mubayyid, 521 F. Supp. 2d 125, 131 (D. Mass. 2007); United States v. Rosen, 447 F. Supp. 2d 538, 545 (E.D. Va. 2006). This review was made *in camera* and *ex parte* as required by statute.

<u>See</u> 50 U.S.C. §§ 1806(f), 1825(g); <u>see also</u> <u>United States v. Belfield</u>, 692 F.2d 141, 147 (D.C. Cir. 1982). The Court now makes the following findings:

First, the President has authorized the Attorney General to approve applications for electronic surveillance and for physical searches for foreign intelligence information and purposes;

Second, each of the applications were made by a federal officer and approved by the Attorney General (50 U.S.C. §§ 1805(a)(1), 1824(a)(1));

Third, each of the applications contained facts establishing probable cause to believe that the target of the electronic surveillance or physical search was at the time an agent of a foreign power (50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A));

Fourth, no United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment (50 U.S.C. §§ 1805(a)(2)(A), 1824(a)(2)(A));

Fifth, each of the applications made pursuant to § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power (50 U.S.C. § 1805(a)(2)(B));

Sixth, each of the applications made pursuant to § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from an agent of a foreign power or a foreign power (50 U.S.C. § 1824(a)(2)(B));

Seventh, the minimization procedures included with the applications and orders of the judge met the requirements of § 1801(h) or § 1821(4) (50 U.S.C. §§ 1805(a)(3), 1824(a)(3));

Eighth, each application contained all statements and certifications required by § 1804 or § 1823 (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

Ninth, no certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to § 1804(a)(6)(E)[1] or § 1823(a)(6)(E) or any other information furnished under § 1804(c)[2] or 1823(c) (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

Tenth, each of the orders issued by the FISC satisfied the requirements of § 1805(c) or § 1824(c); and

Eleventh, each of the orders issued by the FISC satisfied the requirements of § 1805(d) or § 1824(d).

The Court therefore concludes that the FISC properly granted the FISA applications and properly issued the FISA search and surveillance orders at issue here.

The defendant also urges the Court to conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154. Assuming without deciding that Franks applies to FISA applications, a defendant would be entitled to such a hearing only where he has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included" in the FISA application and that the allegedly false statement was necessary to the FISC's approval of the application. Id. at 155-56. The defendants have made no such substantial preliminary showing here and are therefore not entitled to a Franks hearing.

The Court recognizes the defendant's difficulty in making such a preliminary showing where the defendant has no access to the confidential FISA-related documents here.

---

[1] 50 U.S.C. § 1805(a)(4) mentions § 1804(a)(7)(E) but clearly means to refer to § 1804(a)(6)(E). There is no § 1804(a)(7)(E); the statute that used to be § 1804(a)(7)(E) is now § 1804(a)(6)(E); and the only way for the statute to make sense is for it to refer to § 1804(a)(6)(E).

[2] Similarly, 50 U.S.C. § 1805(a)(4) mentions § 1804(d) but clearly means to refer to § 1804(c).

Nevertheless, Congress has established mechanisms to balance a defendant's desire to access confidential information with the government's interest in protecting the national security by maintaining the confidentiality of classified government documents. Those mechanisms, as used here, adequately safeguard a defendant's constitutional rights. See Belfield, 692 F.2d at 148-49; Mubayyid, 521 F. Supp. 2d at 130-31.

Accordingly, the defendant's Motions to Suppress Illegally Obtained FISA Evidence (dkt. nos. 168 and 202) are DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge