UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 09-10017-GAO |
| | ) | |
| | ) | |
| TAREK MEHANNA | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH THREE OF THE SECOND SUPERCEDING INDICTMENT BASED ON OVERBREADTH AND VAGUENESS**

The United States of America, by and through United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys ("AUSA") Jeffrey Auerhahn and Aloke S. Chakravarty, for the District of Massachusetts, and Jeffrey D. Groharing, Trial Attorney, Counterterrorism Section, National Security Division, United States Department of Justice, hereby responds to the Defendants' motion to dismiss based on overbreadth and vagueness dated August 18, 2011. For the reasons stated herein and supported by the allegations in the record, the Government respectfully requests that the Defendants' Motion be denied.

**INTRODUCTION**

The instant motion addresses issues related to those raised previously in the Defendant's motion to dismiss based on First Amendment grounds. Because that motion was fully briefed and argued by the parties, this opposition hereby incorporates the arguments made in our previous "Opposition to Motion to Dismiss

Portions of Counts One to Three" , "Dkt. 200".  That memorandum particularly emphasizes case law governing First Amendment challenges.  As in the defendant's earlier motion, although the instant motion is couched in terms of Constitutional fair notice issues, the arguments are, in reality, evidentiary in nature, challenging the sufficiency of the government's evidence and its alleged inability to demonstrate that the defendant intended that his support be directed to, was conducted in coordination with, or under the direction and control of those involved in terrorist activities and with Al Qa'ida.  Despite the defendant's claims to the contrary, government has never alleged that the defendant and his co-conspirators acted independently in advocating for terrorists.  Moreover, the proper forum for litigating such sufficiency claims is a criminal trial – a proceeding under Fed. R. Crim. P. 29 and jury deliberations – and not pretrial litigation of vagueness claims.

Finally, the Supreme Court's recent decision in  Holder v. Humanitarian Law Project ("HLP"), 130 S.Ct. 2705 (2011) resolves the defendant's overbreadth and vagueness challenges.  The HLP Court has found that such statutes (Section 2339B specifically) are Constitutional and place people of ordinary intelligence on notice as to what is prohibited.  Id.  It has likewise held that, as the material support statutes prohibit the provision of material support to terrorists and not independent advocacy on

their behalf, it is not violative of the First Amendment on
overbreadth grounds.

**ARGUMENT**

I.   **The Material Support Statutes are not Unconstitutionally
     Vague**

"A conviction fails to comport with due process if the
statute under which it is obtained fails to provide a person of
ordinary intelligence fair notice of what is prohibited, or is so
standardless that it authorizes or encourages seriously
discriminatory enforcement." United States v.
Williams, 553 U.S. 285, 304 (2008). Ordinarily, vagueness
challenges to criminal statutes are examined in light of the
facts of the case at hand.  HLP, 130 S. Ct. at 2719; Chapman v.
United States, 500 U.S. 453, 467 (1991). The Court in  HLP
recently reaffirmed that "'perfect clarity and precise guidance
have never been required even of regulations that restrict
expressive activity.' " HLP, 130 S.Ct. at 2719 (noting Williams,
supra, at 304.).

In evaluating vagueness challenges, courts look to whether:
(i) the statute gives a person of "ordinary intelligence" a
reasonable opportunity to know what is prohibited; and (ii)
provides "minimal" guidelines to govern law enforcement. Kolender
v. Lawson, 461 U.S. 352, 357-58 (1983).  The Supreme Court has
explained that a person of ordinary intelligence would clearly be

3

on notice that it was impermissible to provide material support to certain individuals and organizations.  HLP, 130 S.Ct. 2720(leaving room for as-applied challenges).  The objective nature of the statutory terms, the clarifying language of the definitions within the statute, and a strict mens-rea requirement all suggest that the statutes are not Constitutionally vague. Id.

In the first place, the presence of scienter elements in Sections 2339A and 2339B are fatal to the defendant's vagueness claim. As the HLP Court explained, "the knowledge requirement of the [material support] statute further reduces any potential for vagueness, as we have held with respect to other statutes containing a similar requirement."  131 S.Ct. at 2320 (collecting cases).  Specifically, Section 2339A requires the defendant to have provided material support to terrorists "knowing or intending" that it is to be used to carry out a crime of terrorism.  Similarly, Section 2339B requires proof that the defendant "knowingly" provide support to a foreign terrorist organization. These requirements substantially insulate the defendant from the prospect that he will be convicted on the basis of activities that he did not understand to be sanctionable under the material support statutes.

Moreover, even assuming that a heightened vagueness standard applies when a prosecution implicates First Amendment

4

concerns, the statutory language in the material support statute
prohibiting the conduct alleged in this case is clear. See HLP,
130 S. Ct. at 2720 (citing Grayned v. City of Rockford, 408 U.S.
104, 114-115 (1972); Scales, 367 U.S. at 223).

In contrast to overbreadth analysis, "[a] plaintiff who
engages in some conduct that is clearly proscribed cannot
complain of the vagueness of the law as applied to the conduct of
others."  HLP, 130 S.Ct. at 2720 (citing Hoffman Estates v.
Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982). Thus,
positing abstract, alternate and hypothetical situations to which
the operative terms might not clearly apply does not assist a
vagueness challenge in the least. In this case, the focus of the
inquiry must therefore, be upon the vagueness, *vel non*, of the
operative terms *as they apply to defendant's conduct* as set out
in the indictment. See HLP, 130 S.Ct. at 27270.  Here, the
government has essentially charged the defendant with conspiring,
attempting, and providing support in the form of personnel,
services, training, expert advice and assistance and other means,
to those who he believed were terrorists and to a designated
terrorist organization.  In the context of the allegations set
out in the indictment elaborating on these activities, it is
clear that a reasonable person of ordinary intelligence would
understand that the charged conduct was prohibited under each of
these bases.  For example, an ordinary person would recognize

that a person who is willing to submit to training at a terrorist training camp, and aspires to join other mujahideen fighting American soldiers, was providing "personnel"– himself and his companions – to the terrorists within the meaning of the statute. Similarly, such a person would recognize that agreeing and attempting to translate, digitally edit, and disseminate specific media for the purpose of supporting terrorists and terrorist organizations constituted the provision of "services", "expert advice and assistance", as well as "personnel."  And, when such activity also imparts a specific skill or specialized knowledge to others, an ordinary person would understand that it constitutes  "training" and "expert advice and assistance" under the statute.  See HLP, 130 S. Ct. at 2721.  Finally, when a conspirator provides property and money for purpose of supporting the terrorists and terrorist organizations, an ordinary person would understand this to constitute the provision of support in the form of "property" and "currency." See, e.g., U.S. v. Hammoud, 381 F.3d 316, 330-331 (4th Cir. 2004)("there is nothing at all vague about the term 'currency'"), vacated 543 U.S. 1097 (2005), reinstated in pertinent part, 405 F.3d 1034 (4th Cir. 2005).[1]

---

[1]  Because the charged conduct is objective and unambiguous, the facial challenge falls alongside the as-applied challenge. See also Farhane, 2011 WL 338054, at * 7 (emphasizing that vagueness challenge should be reviewed based on the "application of Section 2339B to the facts of [defendant's] case.").

Defendant does not seriously challenge the application of the operative statutory terms to his alleged conduct as set out in the indictment.  Instead, he maintains the government will be unable to establish that such conduct was knowing; that he knew that persons with whom he was dealing were members of Al Qaeda; or that his on-line dealings with certain individuals would actually support that organization.  Def. Mot. At 7-9.  Such arguments, however, do not address the vagueness of the allegations or impugn the legal sufficiency of the indictment but, rather constitute premature challenges to the sufficiency of the evidence which are properly matters for the court to consider, in the first instance, under Fed. R. Crim.P. 29 and, ultimately, for a properly instructed jury to resolve in its deliberations.

Nor is there merit to the defendant's argument that the material support counts in the indictment are vague because they fail to allege that he translated a document "in coordination with Al Qaeda" and "without notice that the document will, in fact, directly support terrorist activities."  Def. Mot. 7-11. In the first place, that claim has no bearing whatsoever on the vagueness *vel non* of the material support counts insofar as they allege that the defendant provided personnel, property, currency and monetary instruments to Al Qaeda for the effectuation of its

terrorist agenda.  Moreover, even with respect to the types of material support to which such translations pertain, the claim has no bearing on the question of vagueness but, instead implicates the sufficiency of the evidence., _i.e._, whether the defendant was directing his support to, for, or in coordination with Al Qaeda.  Finally, the scienter component of Section 2339B contains no requirement that the defendant know or intend that the material support at issue will directly support terrorist activities as his argument suggests.  See Def. Motion at 10. Instead, all that Section 2339B requires is knowledge that the recipient is either a foreign terrorist organization or that the organization engages or has engaged in such activity.  See 18 U.S.C. § 2339B(1).[2]

## II.  The Material Support Statutes are Not Constitutionally Overbroad.

The defendant further maintains (Def. Motion 16-19) that Sections 2339A and 2339B, are facially overbroad because they have the potential to "almost completely prohibit independent advocacy for Al-Qaeda and [the] distribution of information about Al-Qaeda causes."  These statutes, however, do nothing of the sort.  As the Supreme Court explained in HLP, 130 S.Ct. at 2722-23:

---

[2]  To the extent that Section 2339A requires knowledge or intent that material support to terrorists is to be used to advance a crime of violence, the matter is one for the jury to decide at trial.

[u]nder the material support statute, plaintiffs may
say anything they wish on any topic.  They may speak
and write freely about [a foreign terrorist
organization].  As the Government states: "The statute
does not prohibit independent advocacy or expression of
any kind."   . . .   Congress has not, therefore sought
to suppress ideas or opinions in the form of "pure
political speech." Rather, Congress has prohibited
'material support, which most often does not take the
form of speech at all and when it does, the statute is
carefully drawn to cover only a narrow category of
speech to, under the direction of, or in coordination
with foreign groups that the speaker knows to be
terrorist organizations.
(footnote omitted).

In this case, moreover, the types of material support that
the indictment alleges the defendant furnished – property,
services, currency and monetary instruments, training, expert
advice and assistance, facilities and personnel –  had only a
tangential relationship to speech.  Indeed, the only reference in
the material support counts relating to communicative activity
involves allegations that the defendant was involved in
authoring, translating and distributing videos and other media as
a critical service to terrorists and as a recruitment tool for
people to participate in violent jihad – acts that, under the
material support statutes, could qualify as "services",
"providing expert advice and assistance" and "personnel".  See,
e.g., Count 1, ¶ ¶ 16-25; Count 2, ¶¶ 17-24.   But as the HLP
Court held, after reviewing the considered determinations of the
Congress and the Executive of the impact of similar communicative
activity in furthering terrorist conduct and undermining United

9

States foreign policy, prohibiting such forms of support to foreign terrorist groups, "does not violate the freedom of speech." HLP, 130 S.Ct. at 2730.

In any event, in First Amendment cases, courts will not void a challenged statute on overbreadth grounds unless it is shown to embrace a substantial amount of protected speech, judged in relation to the statute's plainly legitimate sweep. Virginia v. Hicks, 539 U.S. 113 (2000)(quoting Broaderick v. Oklahoma, 413 U.S. 601, 615 (1973). In this case, as the HLP Court explained, the material support statutes under which the defendants are charged do not, by their plain terms, sanction protected speech but the provision of material support to terrorists or foreign terrorist organizations. And, to the extent that such activity may involve communicative activity, the prohibition simply does not violate the First Amendment. See HLP, 130 S.Ct. at 2730.

In sum, both the defendant's vagueness claims and his overbreadth challenges to the federal material support statues have been considered and squarely rejected by the Supreme Court in HLP. In the case of the former, the material statutes not only insulate an unwitting defendant from prosecution by virtue of their scienter elements, their plain terms are more than sufficient to put a reasonable man on notice that the activities in which the defendant is alleged to have engaged are proscribed. As to the defendant's overbreadth challenge, the material support

statutes simply do not implicate activity protected by the First Amendment, prohibiting as they do *material support* and not merely expression of sympathy for terrorist organizations and their objectives.

## CONCLUSION

Accordingly, for the reasons stated herein, the defendant's motion to dismiss Counts One through Three based on vagueness and overbreadth should be denied.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By: /s/ Aloke Chakravarty

Aloke S. Chakravarty
Jeffrey Auerhahn
Assistant U.S. Attorneys

Jeffrey D. Groharing
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

Date:      September 2, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I have discussed this matter with counsel, and this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). The file was e-mailed to counsel on September 1, 2011.

/s/ Aloke Chakravarty
Aloke Chakravarty
Assistant U.S. Attorney