UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | NO. 09-CR-10017-GAO |
| TAREK MEHANNA | ) ) ) | |

**DEFENDANT'S MOTION FOR ACCESS TO THE MATERIALS REFERENCED BY THE GOVERNMENT'S EXPERT WITNESSES IN THEIR EXPERT REPORTS**

The defendant, Tarek Mehanna, moves that the Court order the government to provide the defendant with all documents, recordings, transcripts and other information referenced in the Expert Reports (including footnotes) from both Evan Kohlmann and Lorenzo Vidino. The defendant further moves that these materials be identified by the Bates number labeling process used to identify discovery in this case (or to provide the Bates number previously assigned by the government).

The defendant requests a hearing on this motion.

**Background and Argument**

Mr. Kohlmann and Mr. Vidino are expected to testify against the defendant as experts for the government. In their expert reports that were turned over to defense counsel, both Mr. Kohlmann and Mr. Vidino came to the conclusion that the defendant fits the profile of a person who subscribes to a

1

violent jihadist ideology and is likely a leader within a potential homegrown terrorist network. Mr. Kohlmann's and Mr. Vidino's opinions and conclusions are based on documents, transcripts, files, and recordings that defense counsel does not have easy access to, or cannot locate by the description or labeling in the reports. This includes both evidence directly involving the defendant, and third-party articles and videos used as the basis for the experts' conclusions.

In requesting these documents, the defendant asks this Court to recognize the significance of Mr. Kohlmann's and Mr. Vidino's testimony for the government's case. Mr. Kohlmann and Mr. Vidino will testify that certain materials accessed by the defendant, and his comments about said materials, classify him as a "homegrown terrorist." This conclusion is likely to be highly influential to the jury. An adequate cross-examination of these essential government experts requires access to the breadth of material referenced in their reports in order to ascertain a full understanding of the methodology that led Mr. Kohlmann and Mr. Vidino to such a conclusion. Without ready access to the documents that underlie Mr. Kohlmann and Mr. Vidino's methodology, the defendant's right to adequately confront these vital government witnesses will be severely undermined.

Additionally, the descriptions of the materials referenced in the Expert Reports make it extremely difficult and time consuming for the defendant to track down the materials. Given that both of the government's experts readily relied on these materials in making their conclusions, it should be assumed that the government could access them with a degree of ease not afforded to the defendant. Furthermore, when producing these documents, the government should use the agreed-upon Bates numbering system in their Expert Reports, without which it is impossible for the defense to identify these documents prior to trial.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

/s/ *J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

/s/ *Janice Bassil*
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: September 14, 2011

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ *J. W. Carney, Jr.*
J. W. Carney, Jr.