UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                    ) | NO.  09-CR-10017-GAO |
| ) | |
| TAREK MEHANNA         ) | |

**DEFENDANT'S MOTION FOR PRELIMINARY INSTRUCTION TO THE JURY**

The defendant, Tarek Mehanna, moves that the Court instruct the jury on the First Amendment before opening statements and presentation of the evidence. The first proposed instruction is adapted from the instruction provided by Judge F. Dennis Saylor IV in *United States v. Mubayyid*, 05-40026.

        TAREK MEHANNA
        By his attorneys,

        CARNEY & BASSIL

        ***/s/ J. W. Carney, Jr.***
        J. W. Carney, Jr.
        B.B.O. # 074760

        ***/s/ Janice Bassil***
        Janice Bassil
        B.B.O. # 033100

        Carney & Bassil
        20 Park Plaza, Ste 1405
        Boston, MA 02116
        617-338-5566

Dated: October 26, 2011

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*/S/ J. W. Carney, Jr.*
J. W. Carney, Jr.

**Defendant's Proposed Instruction No. 1**

**The First Amendment**

Under the First Amendment of the United States Constitution, the defendant has the right to speak his views; to publish, distribute, and disseminate newsletters, tapes, and other materials; to possess and read books and other publications; to possess and listen to tapes and recordings; to associate, meet, and speak with other persons; to sponsor or attend speeches; to advocate political positions; and to practice his religion. Indeed, the right to free speech includes the right to advocate force or violence, unless the speech is directed to inciting or producing imminent lawless action, and is likely to incite or produce such action.

You may not conclude that the defendant is guilty of a crime simply because he exercised his constitutional rights, or because you disagree with his views, or because you find those views to be unusual, unorthodox, offensive, or even extreme. The Constitution protects all viewpoints, even those that are unpopular or out of the mainstream of our society. You should exercise particular care to ensure that you are basing your verdict on the evidence and the law; and not because you find a particular viewpoint to be distasteful or offensive.

A special caution applies to the possession of books, tapes, and other types of media. Again, the defendant has an

absolute right to possess, read, and listen to such materials. The mere fact that a person possesses a book or tape does not mean that the person necessarily agrees with the ideas or sentiments being expressed in that book or tape. Indeed, it would be highly unusual for a person to agree with everything that was stated in every book or tape in his or her possession. You should therefore exercise great care and caution in assessing that evidence, and in drawing any inferences from it.

**Defendant's Proposed Instruction No. 2**

**Breadth of the First Amendment**

Speech on matters of public concern is at the heart of the First Amendment's protection. The First Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open. This is because speech concerning public affairs is more than self-expression; it is the essence of self-government. Accordingly, speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection. The arguably inappropriate or controversial character of a statement is irrelevant to the question whether whether it deals with a matter of public concern. Such speech cannot be restricted simply because it is upsetting or arouses contempt. *Snyder v. Phelps*, 131 S.Ct. 1207, 1215, 1219 (2011).

If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable. Indeed, the point of all speech protection is to shield just those choices of content that is someone's eyes are misguided, or even hurtful. In public debate, We must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to the freedoms protected by the First Amendment. *Snyder*, *supra* at 1219.

**Defendant's Proposed Instruction No. 3**

**Limitations on the Concept of Material Support**

The statute that prohibits "material support" to a terrorist group requires that the material support take the form of property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation.

To constitute a crime, the material support must be provided at the direction of the terrorist group, or in coordination with the terrorist group, or as a service provided directly to the terrorist group at its request. The statute does not prohibit someone from vigorously promoting and supporting the political goals of the group. This is considered independent advocacy, and is protected by the First Amendment.

The only acts prohibited are ones where the individual is told by the terrorist group itself to do the specific act, or told to coordinate the specific act with the terrorist group, or is paid or hired to provide a specific service to the terrorist act. It is not a crime if a person independently does an act that he believes will be supportive of the terrorist group or

will advance its goals and objectives. In other words, the person must have a direct connection to the group and be working directly with the group for it to be a violation of the statute. I emphasize that independent advocacy for the group is not a crime because it is protected by the First Amendment to the Constitution.