UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____ )
                               )
UNITED STATES OF AMERICA       )
                               )
                               )
V.                             )        NO. 09-CR-10017-GAO
                               )
                               )
TAREK MEHANNA                  )
_____ )
```

## DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS

The defendant, Tarek Mehanna, moves that the Court give the appended jury instructions.

TAREK MEHANNA
By his attorneys,

CARNEY & BASSIL

*/S/* J. W. Carney, Jr.
J. W. Carney, Jr.
B.B.O. # 074760

*/S/* Janice Bassil
Janice Bassil
B.B.O. # 033100

Sejal H. Patel
B.B.O. # 662259
Steven R. Morrison
B.B.O. # 669533
John E. Oh
B.B.O. # 675916
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: December 14, 2011

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

<u>*/s/ J. W. Carney, Jr.*</u>

J. W. Carney, Jr.

<u>**INSTRUCTION No. 1: 18 U.S.C. 2339B**</u>

**(Count One: Conspiracy to Provide material Support to a Designated Foreign Terrorist Group)**

The defendant has been charged in Count One with conspiracy to provide material support or resources to a designated foreign terrorist organization, specifically al-Qa'ida. The government must prove the following facts beyond a reasonable doubt:

(1) the defendant was a member of a conspiracy, a term I will define for you in a moment;

(2) the goal of the conspiracy was to provide material support or resources to al-Qa'ida; and

(3) the defendant knew that Al-Qaeda had been designated a Foreign Terrorist Organization under 8 U.S.C. § 1189, and that al-Qa'ida had engaged in and was engaging in terrorist activity and terrorism.

In this case, with respect to Count One, the term providing "material support or resources" means providing currency or other financial securities, financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, or other physical assets, except medicine

3

or religious materials. It does not include medicine or religious materials.

If you do not unanimously agree that the defendant provided at least one form of "material support or resources" beyond a reasonable doubt, then you must find the defendant not guilty. In addition, you must agree unanimously on the specific form of "material support or resources" beyond a reasonable doubt. If you do not unanimously agree on the specific form of "material support or resources" beyond a reasonable doubt, then you must find the defendant not guilty.

Now I will discuss with you the term, "personnel," as it applies to this material support charge. No person may be prosecuted under this section in connection with the term "personnel" unless that person conspired to provide a person intending to kill someone overseas or to murder a United States citizen overseas with one or more individuals (who may be or include himself) to work under that person's direction or control. Individuals who act entirely independently of the person to advance the person's goals or objectives shall not be considered to be working under that person's direction and control.

If the prosecution relies upon the defendant's trip to Yemen in order to prove this charge, it must prove beyond a

reasonable doubt that the defendant's specific intention was to receive military-type training at a terrorist training camp with the intent that he would enter Iraq and join with others to kill United States nationals or other persons. If you do not find these facts beyond a reasonable doubt, then you must find the defendant not guilty of Count Two.

This law does not prohibit persons from being members of designated terrorist groups, or from association with a foreign terrorist organization. It also does not prohibit someone from vigorously promoting and supporting the political goals of the group. What the law prohibits is the giving of material support, as I have defined that term for you, to a person intending to kill someone overseas or to murder a United States citizen overseas.

<u>DISCUSSION OF INSTRUCTION No. 1: 18 U.S.C. 2339B</u>

**(Count One: Conspiracy to Provide Material Support to a Designated Foreign Terrorist Group)**

Count One alleges that the conspiracy ran from 2001 until June 17, 2010. The start date of the conspiracy therefore is as early as January 1, 2001. Thus, the jury must determine the element of material support as it was defined on January 1, 2001. To do otherwise and add material support terms that were not present in § 2339A on that date would violate the ex-post facto clause of Article I, section 9 of the United States Constitution.

As of January 1, 2001, 18 U.S.C. § 2339A read as follows with respect to the definition of "material support or resources":

> [T]he term 'material support or resources' means currency or other financial securities, financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

Publ. L. 104-132, Sec. 323 (Modification of Material Support Provision), 110 Stat. 1214, *enacted* on April 24, 1996 (as modified from original version, Publ. L. 103-322, Title XII, § 120005(a), *enacted* September 13, 1994).

Under this version of § 2339A, material support did not include "service," "expert advice or assistance," or

"intangible" property. "Expert advice or assistance" was
not added to the law until October 26, 2001. Sec. 805
(Material Support for Terrorism), Publ. L. 107-56, 115
Stat. 272, *enacted* on October 26, 2001. "Service" and
"intangible" property were not added to the law until
December 17, 2004. Title VI, § 6603(a)(2), (b) ("Additions
to Offense of Providing Material Support to Terrorism"),
Publ. L. 108-458, 118 Stat. 3762, *enacted* on December 17,
2004.

For the definition of personnel, the defendant relies
upon 18 U.S.C. 2339(h).

For the First Amendment and independent advocacy
instructions, the defendant relies upon the following:
*Holder v. Humanitarian Law Project*, 130 S. Ct. 2705 (2010).

## INSTRUCTION No. 2: 18 U.S.C. 2339A

### (Count Two: Conspiracy to Provide Material Support to Terrorists)

The defendant has been charged in Count Two with conspiring to provide material support to terrorists. The government must prove the following facts beyond a reasonable doubt:

(1) the defendant was a member of a conspiracy, a term I will define for you in a moment;

(2) the goal of the conspiracy was to provide material support or resources, or to conceal or disguise the nature, location, source, or ownership of material support or resources; and

(3) the defendant knew or intended that the material support would be used in preparation for or in carrying out a conspiracy to kill someone overseas or to murder a United States citizen overseas.

In this case, with respect to Count Two, the term providing "material support or resources" means providing currency or other financial securities, financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, or other physical assets, except medicine

or religious materials. It does not include medicine or religious materials.

If you do not unanimously agree that the defendant provided at least one form of "material support or resources" beyond a reasonable doubt, then you must find the defendant not guilty. In addition, you must agree unanimously on the specific form of "material support or resources" beyond a reasonable doubt. If you do not unanimously agree on the specific form of "material support or resources" beyond a reasonable doubt, then you must find the defendant not guilty.

Now I will discuss with you the term, "personnel," as it applies to this material support charge. No person may be prosecuted under this section in connection with the term "personnel" unless that person conspired to provide a person intending to kill someone overseas or to murder a United States citizen overseas with one or more individuals (who may be or include himself) to work under that person's direction or control. Individuals who act entirely independently of the person to advance the person's goals or objectives shall not be considered to be working under that person's direction and control.

If the prosecution relies upon the defendant's trip to Yemen in order to prove this charge, it must prove beyond a

reasonable doubt that the defendant's specific intention was to receive military-type training at a terrorist training camp with the intent that he would enter Iraq and join with others to kill United States nationals or other persons. If you do not find these facts beyond a reasonable doubt, then you must find the defendant not guilty of Count Two.

This law does not prohibit persons from being members of designated terrorist groups, or from association with a foreign terrorist organization. It also does not prohibit someone from vigorously promoting and supporting the political goals of the group. What the law prohibits is the giving of material support, as I have defined that term for you, to a person intending to kill someone overseas or to murder a United States citizen overseas.

## DISCUSSION OF INSTRUCTION No. 2: 18 U.S.C. 2339A

### (Count Two: Conspiracy to Provide Material Support to Terrorists)

Count Two alleges that the conspiracy ran from 2001 until June 17, 2010. The start date of the conspiracy therefore is as early as January 1, 2001. Thus, the jury must determine the element of material support as it was defined on January 1, 2001. To do otherwise and add material support terms that were not present in § 2339A on that date would violate the ex-post facto clause of Article I, section 9 of the United States Constitution.

As of January 1, 2001, 18 U.S.C. § 2339A read as follows with respect to the definition of "material support or resources":

> [T]he term 'material support or resources' means currency or other financial securities, financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

Publ. L. 104-132, Sec. 323 (Modification of Material Support Provision), 110 Stat. 1214, *enacted* on April 24, 1996 (as modified from original version, Publ. L. 103-322, Title XII, § 120005(a), *enacted* September 13, 1994).

Under this version of § 2339A, material support did not include "service," "expert advice or assistance," or

"intangible" property. "Expert advice or assistance" was not added to the law until October 26, 2001. Sec. 805 (Material Support for Terrorism), Publ. L. 107-56, 115 Stat. 272, *enacted* on October 26, 2001. "Service" and "intangible" property were not added to the law until December 17, 2004. Title VI, § 6603(a)(2), (b) ("Additions to Offense of Providing Material Support to Terrorism"), Publ. L. 108-458, 118 Stat. 3762, *enacted* on December 17, 2004.

For the definition of personnel, the defendant relies upon 18 U.S.C. 2339(h).

For the First Amendment and independent advocacy instructions, the defendant relies upon the following: *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705 (2010).

### INSTRUCTION No. 3: 18 U.S.C. 2339A

**(Count Three: Provide Material Support to Terrorists)**

The defendant has been charged in Count Three with providing or attempting to provide material support to person in preparation for and in carrying out a conspiracy to kill someone overseas or to murder a United States national overseas. The government must prove the following facts beyond a reasonable doubt:

(1) the defendant knowingly provided or attempted to provide

(2) material support and resources

(3) intending that they be used in preparation for and in carrying out a conspiracy to kill someone overseas or to murder a United States national overseas.

It is important to note that with respect to Count Three, the government must prove more than an agreement to provide material support. Rather, it must prove beyond a reasonable doubt that the defendant actually provided or attempted to provide such material support and resources to someone intending the above crimes. If you only find that the defendant agreed or conspired to provide material support and resources, then you must find him not guilty of Count Three.

Count Three covers only the period between the spring of 2002 and February of 2007. Thus, the crime must have occurred during the period from April 1, 2002 to February 28, 2007.

"Material support or resources" under this Count means currency or other financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

If you do not unanimously agree that the defendant provided at least one form of "material support or resources" beyond a reasonable doubt, then you must find the defendant not guilty. In addition, you must agree unanimously on the specific form of "material support or resources" beyond a reasonable doubt. If you do not unanimously agree on the specific form of "material support or resources" beyond a reasonable doubt, then you must find the defendant not guilty.

"Expert advice and assistance" means advice or assistance derived from scientific or technical knowledge.

Now I will discuss with you the term, "personnel," as it applies to this material support charge. No person may

14

be prosecuted under this section in connection with the term "personnel" unless that person conspired to provide a person intending to kill someone overseas or to murder a United States citizen overseas with one or more individuals (who may be or include himself) to work under that person's direction or control. Individuals who act entirely independently of the person to advance the person's goals or objectives shall not be considered to be working under that person's direction and control.

Again, material support does not include medicine or religious materials.

If the prosecution relies upon the defendant's trip to Yemen in order to prove this charge, it must prove beyond a reasonable doubt that the defendant's specific intention was to receive military-type training at a terrorist training camp with the intent that he would enter Iraq and join with others to kill United States nationals or other persons. If you do not find these facts beyond a reasonable doubt, then you must find the defendant not guilty of Count Two.

This law does not prohibit persons from being members of designated terrorist groups, or from association with a foreign terrorist organization. It also does not prohibit someone from vigorously promoting and supporting the

political goals of the group. What the law prohibits is the giving of material support, as I have defined that term for you, to a person intending to kill someone overseas or to murder a United States citizen overseas.

## DISCUSSION OF INSTRUCTION No. 3: 18 U.S.C. 2339A

### (Count Three: Provide Material Support to Terrorists)

Count Three alleges that the conspiracy began "in or about the spring of 2002" and ended in February, 2007. The start date of the conspiracy therefore is as early as April 1, 2002. Thus, the jury must determine the element of material support as it was defined on April 1, 2002. To do otherwise and add material support terms that were not present in § 2339A on that date would violate the ex-post facto clause of Article I, section 9 of the United States Constitution.

As of April 1, 2002, 18 U.S.C. § 2339A read as follows with respect to the definition of "material support or resources":

> [T]he term 'material support or resources' means currency or other financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

Publ. L. 107-56, Sec. 805 (Material Support for Terrorism) (2)(B), 115 Stat. 272, *enacted* on October 26, 2001; Publ. L. 104-132, Sec. 323 (Modification of Material Support Provision), 110 Stat. 1214, *enacted* on April 24, 1996 (as

modified from original version, Publ. L. 103-322, Title
XII, § 120005(a), *enacted* September 13, 1994).

Under this version of § 2339A, material support did
not include "service" or "intangible" property. "Service"
and "intangible" property were not added to the law until
December 17, 2004. Title VI, § 6603(a)(2), (b) ("Additions
to Offense of Providing Material Support to Terrorism"),
Publ. L. 108-458, 118 Stat. 3762, *enacted* on December 17,
2004.

In addition, the term, "expert advice or assistance,"
had a meaning of "scientific or technical knowledge." It
should not encompass "other specialized knowledge." "Other
specialized knowledge" did not exist in the text of § 2339A
prior to December 17, 2004. *See* § 6603(b)(3)
("Definitions") ("the term 'expert advice or assistance'
means advice or assistance derived from scientific,
technical or other specialized knowledge.").

### INSTRUCTION No. 4: "In Coordination With" As Defined In 18 U.S.C. 2339A and 2339B (Counts One, Two, Three)

As I have earlier instructed you, the material support statutes do not prohibit independent advocacy of a foreign terrorist organization or terrorists even if that advocacy benefits the terrorist organization or the terrorists. Instead, one of the elements is that the defendant must have acted "in coordination with" a foreign terrorist organization under 18 U.S.C. 2339B or with terrorists under 18 U.S.C. 2339A. "In coordination" means "in tandem or in concert" with a terrorist group or with terrorists.

The government must prove beyond a reasonable doubt that either the defendant had an employment relationship with the terrorist group or terrorists, whereby he worked for them and received some form of payment in return, or that the defendant had a contractual relationship with them, whereby the defendant received some tangible benefit in return for the provision of material support. In other words, the defendant must have had both a pre-arrangement and a *quid pro quo* with the terrorist organization under 18 U.S.C. 2339B and with terrorists under 18 U.S.C. 2339A. "In coordination with" does not mean "in association with." Mere association with terrorists or a terrorist

organization is not sufficient to meet the element of "in coordination with."

You have seen evidence of communications between the defendant and others regarding various translations, videos and other publications. You must also find beyond a reasonable doubt that these communications demonstrated that the terrorist organization or terrorists "exercised control or decision-making authority over the content, timing, location, mode, intended audience, volume of distribution, or frequency of placement[.]"

### DISCUSSION OF INSTRUCTION No. 4: "In Coordination With" As Defined In 18 U.S.C. 2339A and 2339B (Counts One, Two, Three)

For the general instruction that the material support statutes do not prohibit independent advocacy but only conduct "in coordination" with a foreign terrorist organization or with terrorists, counsel relies upon *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2721 (2010).

For the instruction that the government must prove that the defendant had an employment or contractual relationship with the terrorists or the foreign terrorist organization, counsel relies upon the following: *United States v. Lindh*, 212 F.Supp.2d 541, 572 (E.D.Va. 2002); *United States v. Marzook*, 383 F.Supp.2d 1056, 1065-1066 (N.D. Illinois 2005); *United States v. Taleb-Jedi*, 566 F.Supp. 2d 157, 182 (E.D.N.Y. 2008).

For the instruction that the government must prove a pre-arrangement or a *quid pro quo*, counsel relies upon the following: *Nationals United v. Federal Election Com'n*, 130 S.Ct. 876, 902 (2010) ("[t]he absence of prearrangement and coordination ... alleviates the danger that expenditures will be given as a *quid pro quo* for improper commitments from the candidate[.]"); *Colorado Republican Federal Campaign Committee v. Federal Election Commission* ("*Colorado I*"), 518 U.S. 604 (1996) and *Federal Election*

*Commission v. Colorado Republican Federal Campaign Committee* ("Colorado II"), 533 U.S. 431, 458-460 (2001).

For the instruction that the defendant's communications with any terrorist organization or terrorist must show they exercised control over him, counsel relies upon the following: *McConnell v. Federal Election Commission*, 540 U.S. 93, 220 n. 98 (2003), quoting 11 CFR § 100.23(c)(2)(2001).

## INSTRUCTION No. 5: First Amendment

Under the First Amendment of the United States Constitution, the defendant has the right to speak his views; to publish, distribute, and disseminate newsletters, tapes, and other materials; to possess and read books and other publications; to possess and listen to tapes and recordings; to associate, meet, and speak with other persons; to sponsor or attend speeches; to advocate political positions; and to practice his religion. Indeed, the right to free speech includes the right to advocate force or violence, unless the speech is directed to inciting or producing imminent lawless action, and is likely to incite or produce such action.

You may not conclude that the defendant is guilty of a crime simply because he exercised his constitutional rights, or because you disagree with his views, or because you find those views to be unusual, unorthodox, offensive, or even extreme. The Constitution protects all viewpoints, even those that are unpopular or out of the mainstream of our society. You should exercise particular care to ensure that you are basing your verdict on the evidence and the law; and not because you find a particular viewpoint to be distasteful or offensive.

A special caution applies to the possession of books,
tapes, and other types of media. Again, the defendant has
an absolute right to possess, read, and listen to such
materials. The mere fact that a person possesses a book or
tape does not mean that the person necessarily agrees with
the ideas or sentiments being expressed in that book or
tape. Indeed, it would be highly unusual for a person to
agree with everything that was stated in every book or tape
in his or her possession. You should therefore exercise
great care and caution in assessing that evidence, and in
drawing any inferences from it.

## INSTRUCTION No. 6: Breadth of the First Amendment

Speech on matters of public concern is at the heart of the First Amendment's protection. The First Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open. This is because speech concerning public affairs is more than self-expression; it is the essence of self-government. Accordingly, speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection.

The arguably inappropriate or controversial character of a statement is irrelevant to the question whether whether it deals with a matter of public concern. Such speech cannot be restricted simply because it is upsetting or arouses contempt. If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable. Indeed, the point of all speech protection is to shield just those choices of content that is someone's eyes are misguided, or even hurtful. In public debate, We must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to the freedoms protected by the First Amendment.

## INSTRUCTION No. 7: Limitations on the Concept of Material Support

The statute that prohibits "material support" to a terrorist group requires that the material support take the form of currency or other financial securities, financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

To constitute a crime, the material support must be provided at the direction of the terrorist group, or in coordination with the terrorist group. The statute does not prohibit someone from vigorously promoting and supporting the political goals of the group. This is considered independent advocacy, and is protected by the First Amendment.

The only acts prohibited are ones where the individual is told by the terrorist group itself to do the specific act, or told to coordinate the specific act with the terrorist group, or is paid or hired to provide a specific service to the terrorist act. It is not a crime if a person independently does an act that he believes will be supportive of the terrorist group or will advance its goals

and objectives. In other words, the person must have a
direct connection to the group and be working directly with
the group for it to be a violation of the statute. I
emphasize that independent advocacy for the group is not a
crime because it is protected by the First Amendment to the
Constitution.

## DISCUSSION OF INSTRUCTIONS No. 5, 6 and 7

For these First Amendment instructions, counsel relies upon the following: *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2721 (2010); *Snyder v. Phelps*, 131 S. Ct. 1207, 1215, 1219 (2011); *Virginia v. Black*, 538 U.S. 343 (2003); *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) (*citing Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); and *Roberts v. Van Buren Pub. Schools*, 733 F.2d 949, 957 (8th Cir. 1985).

## INSTRUCTION No. 8: 18 U.S.C. 956

### (Count Four)

The defendant has been charged in Count Four with conspiracy to kill in a foreign country. The government must prove the following elements beyond a reasonable doubt:

(1) that the defendant willfully and knowingly agreed

(2) within the jurisdiction of the United States,

(3) with one or more persons

(4) to commit at any place outside the United States an act that would constitute the offense of murder, if committed in the United States

and

(5) that any of the conspirators commits an act within the United States to bring about any object of the conspiracy.

In order to prove the crime of murder, the government must prove the following elements beyond a reasonable doubt:

First, that the conspirators agreed to kill a person as charged;

Second, that the killing was intended to occur outside the United States;

Third, that the conspirators acted with malice

aforethought; and

Fourth, that the conspirators acted with premeditation.

Regarding the first element, it is the government's burden to prove beyond a reasonable doubt that the conspirators' conduct was intended to be the direct cause of the death charged. This means simply that the government must prove that the conspirators intended to inflict an injury or injuries upon a person from which that person would die.

As for the third element, to kill with malice aforethought means either:

1. To act deliberately and intentionally to kill another person; or

2. To act with reckless disregard for human life.

The final element the government must prove beyond a reasonable doubt is that the conspirators acted with premeditation.

An act is done with premeditation if it is done upon deliberation. In order to satisfy this element the government must prove that the conspirators intended to kill a person only after thinking the matter over, and deliberating whether to act before committing the crime. There is no requirement that the government prove that the

defendant deliberated for any particular period of time in order to show premeditation. It is sufficient to satisfy this element if you find beyond a reasonable doubt that the conspirators had a period of time to become fully aware of what they intended to do and think it over before taking any acts in furtherance of the conspiracy.

It is a complete defense to the charge if the conspirators were acting in self-defense or the defense of others. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

Force likely to cause death or great bodily harm is justified in self-defense or the defense of another only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

You are reminded that the burden of proof remains at all times on the government and that the defendant need not call any witnesses, nor offer any evidence. Thus, before you may convict, you must find beyond a reasonable doubt that the government has satisfied its burden of proving beyond a reasonable doubt that the conspirators did not act in self-defense or in the defense of others. Therefore, if

you have a reasonable doubt whether or not the conspirators acted in self-defense or the defense of others, your verdict must be not guilty.

Similarly, in the context of homicide, a homicide is justified when committed by a person when he honestly, and in good faith, believes that he or another person is in imminent danger of harm or serious bodily injury from his assailant, and thus it is necessary to use such force to prevent the danger, including force which might cause the death of his adversary, and his belief is based upon reasonable grounds.

The law of self-defense is grounded upon the principle of necessity, real or apparent. In other words, it is not required that those members of the conspiracy to violate section 956 be in actual danger of great bodily injury. If they honestly and reasonably believe that they are in apparent imminent danger, that their lives or the life of another person is about to be taken or that there is a danger of serious bodily harm, that is sufficient.

However, a mere belief of the defendant that such danger exists is not sufficient to justify the killing (or agreement to kill). The reason for this is evident. If it were simply a matter of mere belief, then any persons committing homicide could contend that they believed they

were justified in the killing, and the law requires that
there must be reasonable grounds for such belief, based
upon the conduct of the deceased and all the facts and
circumstances surrounding and preceding the encounter and
the relationship between the person killed and the alleged
conspirators.

The question is: Would a reasonable person faced with
the same facts and circumstances which confronted the
alleged conspirators at the time of the occurrence have
believed that they or others were in imminent danger of
death or grievous bodily injury, such that it was necessary
for them to use in their defense, or in the defense of
others, in order to avoid such death or injury, the force
or means which might cause the death of their assailant?

Again, the burden of proof remains at all times with
the government, and the defendant need not call any
witnesses, nor offer any evidence. Thus, before you may
convict, you must find beyond a reasonable doubt that the
government has satisfied its burden of proving beyond a
reasonable doubt that the conspirators did not act in self-
defense or in the defense of others. Therefore, if you have
a reasonable doubt whether or not the conspirators acted in
self-defense or the defense of others, your verdict must be
not guilty.

### DISCUSSION OF INSTRUCTION No. 8: 18 U.S.C. 956

### (Count Four)

This proposed instruction is generally adapted from the charge in *U.S. v. Koubriti, et al.* 01-80778 (GER) (E.D. Mich.) (modified); *United States v. Khan*, 309 F.Supp.2d 789 (E.D. Va. March 4, 2004). *See also United States v. Wharton*, 320 F.3d 526, 537-38 (5th Cir. 2003); *United States v. Al-Arian*, 308 F.Supp.2d 1322 (M.D. Fla. March 12, 2004). *See also Modern Federal Jury Instructions*, ¶ 9.01, at instruction 9-7A.

The instruction regarding premeditation relies upon *Modern Federal Jury Instructions*, ¶ 41.01.

The instruction regarding the use of force in self-defense relies upon the Ninth Circuit Model Criminal Jury Instruction 6.7 and *United States v. Kaiser*, 57 F.3d 847, 851 (9th Cir.), *cert. denied*, 516 U.S. 1029 (1995).

The general instructions regarding self-defense and defense of others rely upon the *Modern Federal Jury Instructions*, ¶ 8.08, at instruction 8-8 and 8-9.

**INSTRUCTION No. 9: 18 U.S.C. 371**

**(Count Five: Conspiracy to Make False Statements)**

With respect to Count Five, the defendant has been charged with conspiring with others to make a false statement to federal law enforcement. The government must prove the following elements beyond a reasonable doubt:

(1) the defendant conspired with others;

(2) to make a statement;

(3)  the statement was false;

(4)  the statement was made with specific intent;

(5)  the statement was material;

(6)  there was government agency jurisdiction;

(7)  the materially false statement involved, or was intended to promote, a federal crime of terrorism.

## INSTRUCTION No. 10: 18 U.S.C. 1001(a)(2)

### (Counts Six and Seven)

With respect to Counts Six and Seven, the defendant has been charged with making materially false statements. The government must prove the following elements beyond a reasonable doubt:

(1) the defendant made a statement;

(2) the statement was false;

(3) the statement was made with specific intent;

(4) the statement was material;

(5) there was government agency jurisdiction;

(6) the materially false statement involved, or was intended to promote, a federal crime of terrorism.

In this case, with respect to both Counts Six and Seven separately, the government need not prove that all of the elements I just mentioned are proven beyond a reasonable doubt for each of the statements alleged to be false. You must all, however, agree that the government proved beyond a reasonable doubt that all of the elements have been satisfied for at least one of the statements alleged to be false. If you do not unanimously so agree beyond a reasonable doubt, then you must find the defendant not guilty.

Now I will define for you the elements that must be

proven beyond a reasonable doubt.

"Statement" means a declaration made by a person who has taken the initiative to do so voluntarily and affirmatively. The declaration must have the tendency and effect of perverting normal and proper governmental activities and functions. To find that the defendant made a statement for purposes of this count, you must unanimously find that he made such a statement.

"False" means intentionally untrue. You must find unanimously that at least one of the defendant's statements was untrue at the time he made the statement, and that the defendant knew that it was untrue.

"Specific intent" means that the false statement was made with knowing and willful intention to make a false statement.

"Material" means that the statement "has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it is addressed." It does not matter whether the statement actually influenced the decision maker. If the statement had the capacity to influence the decision maker, then it was material.

"Government agency jurisdiction" includes the Federal Bureau of Investigation and its agents.

## DISCUSSION OF INSTRUCTION No. 10: 18 U.S.C. 1001(a)(2)
## (Counts Six and Seven)

The proposed instruction regarding the sixth element that the false statement involved or was intended to promote a federal crime of terrorism relies upon the following authorities: Sent. Guidelines Section 3A1.4 (sentencing increase for this "terrorism enhancement"). *United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007); *United States v. Robison*, 505 F.3d 1208, 1226 (11th Cir. 2007); *Apprendi v. New Jersey*, 530 U.S. 466, 501 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

The proposed instruction regarding the definition of "statement" relies upon the following authorities: *Brogan v. United States*, 522 U.S. 398, 413 (1998) (Ginsburg, J., concurring) (citing *Paternostro v. United States*, 311 F.2d 298, 302 (5th Cir. 1962)); *see also United States v. Bedore*, 455 F.2d 1109, 1111 (9th Cir. 1972); *United States v. Ehrlichman*, 379 F.Supp. 291, 292 (D.D.C. 1974); *United States v. Bart*, 131 F.Supp. 190, 198, 205 (D.MD. 1955).

The proposed instruction regarding the definition of "false" relies upon the Merriam-Webster dictionary. *See*

http://www.merriam-webster.com/dictionary/false (last visited Dec. 7 2011).

The proposed instruction regarding the definition of "specific intent" relies upon 18 U.S.C. § 1001(a)(2); *United States v. Yermian*, 468 U.S. 63, 69 (1984).

The proposed instruction regarding the definition of "material" relies upon the following authorities: *Kungys v. United States*, 485 U.S. 759, 771 (1988); *United States v. Alemany Rivera*, 781 F.2d 229, 234 (1st Cir. 1985); and *United States v. Corsino*, 812 F.2d 26, 30 (1st Cir. 1986).