```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|                          |   |                      |
|---|---|---|
| UNITED STATES OF AMERICA | ) |                      |
|                          | ) |                      |
| V.                       | ) | NO. 09-CR-10017-GAO  |
|                          | ) |                      |
| TAREK MEHANNA            | ) |                      |

### MEMORANDUM OF LAW CONCERNING THE NECESSITY OF PROVIDING A SPECIAL VERDICT FORM

This memorandum is to set forth the necessity of providing a special verdict form, and the law pertaining to such verdict forms.

### Statement of Facts

The defendant has been accused, *inter alia*, of conspiring to provide material support to Al Qaeda, of conspiring to provide material support to terrorists, and of providing and attempting to provide material support to terrorists.

The evidence presented by the government in this trial demonstrates that the defendant's alleged material support consisted of either travelling to Yemen to attend a terrorist training camp so that he could then enter Iraq and join with others to fight and kill United States

nationals, or of translating documents and videos, disseminating them, and advocating views supportive of terrorist goals.

The defendant has maintained throughout this litigation that translating documents and disseminating them and related materials to others is protected by the First Amendment as set forth in Holder v. Humanitarian Law Project, 130 S.Ct. 2705 (2010), as long as the defendant does so independently of any foreign terrorist organization or at the direction of a person intending to kill a United States national overseas. The government has presented no evidence that the defendant acted under the control or direction of, Al Qaeda or any other designated foreign terrorist organization, or at the direction of anyone in carrying the killing of a United States national overseas.

The defendant's activities in translating documents and disseminating them and related materials to others is entirely protected under the First Amendment. Id. at 2722-23 (the defendant "may say anything [he] wish[es] on any topic" if it is "independent" of a designated foreign terrorist organization.).

## Statement of the Law and Discussion

The use of a special verdict form is permitted in criminal cases. United States v. Reed, 147 F.3d 1178, 1180

(9th Cir. 1998) ("Exceptions to the general rule disfavoring special verdicts in criminal cases have been expanded and approved in an increasing number of circumstances."). This court has the discretion to order their use. United States v. Soto-Beniquez, 356 F.3d 1, 45 n. 9 (1st Cir. 2004). See Connick v. Thompson, 131 S.Ct. 1350 (2011); Washington v. Recuenco, 548 U.S. 212 (2006); McKoy v. North Carolina, 494 U.S. 433 (1990); United States v. Alfonzo-Reyes, 592 F.3d 280 (1st Cir. 2010); United States v. Gonzalez-Velez, 587 F.3d 494 (1st Cir. 2009); United States v. Sanchez-Badillo, 540 F.3d 24 (1st Cir. 2008).

Special verdict forms are often used in criminal cases involving amounts of illegal narcotics in order to prevent any Apprendi problem. See Alfonzo-Reyes, 592 F.3d at 292; United States v. Aviles-Colon, 536 F.3d 1, 27 (1st Cir. 2008); United States v. Dickerson, 514 F.3d 60, 63 (1st Cir. 2008); United State v. Gomez-Rosario, 418 F.3d 90, 103 (1st Cir. 2005). The purpose of special verdict forms in these cases is to ensure that a guilty defendant is given a sentence that reflects the amount of drugs that the jury found beyond a reasonable doubt were involved in the case. Special verdict forms are necessary to reveal the jury's factual findings.

Special verdict forms may be required to ensure defendants' due process and Eighth Amendment rights. McKoy v. North Carolina, 494 U.S. 433, 457-58 (1990) (Scalia, J., dissenting); see also United States v. Dickerson, 514 F.3d 60, 63 (1st Cir. 2008) (indicating that special verdict forms may be necessary to ensure defendants' "substantial rights"); United States v. Jordan, 351 Fed.Appx. 248, 250 (9th Cir. 2009) (where the theory underlying a conviction makes a "practical difference," due process requires a special verdict form); United States v. Liddell, 64 Fed.Appx. 958, 960 (6th Cir. 2003); United States v. Feldman, 853 F.2d 648, 660-61 (9th Cir. 1988).

"Due process commands that no man shall lose his liberty unless the Government has borne the burden of convincing the factfinder of his guilt." In re Winship, 397 U.S. 358, 364 (1970). In the instant case, the use of a special verdict form is essential to satisfy the defendant's due process rights. This court must know whether, if the jury returns a verdict of guilty on the material support charges, it has done so because the defendant went to Yemen to receive military training with the intent to kill persons in Iraq, or made false statements, or because he engaged in activities which may be protected by the First Amendment.

### Conclusion

To ensure the defendant's due process rights, special verdict forms must be used that allow the jury to find the defendant guilty of either travelling to Yemen to attend a terrorist training camp so that he could then enter Iraq and join with others to fight and kill persons, or because he engaged in activities which may be protected by the First Amendment.

Only in this way will the Court be assured that if the defendant were convicted based solely on activity that is later determined to be protected by the First Amendment, a miscarriage of justice can be rectified.

> TAREK MEHANNA
> By his attorneys,
>
> CARNEY & BASSIL
>
> /s/ J. W. Carney, Jr.
> J. W. Carney, Jr.
> B.B.O. # 074760
>
> /s/ Janice Bassil
> Janice Bassil
> B.B.O. # 033100
>
> Steven R. Morrison
> B.B.O. # 669533
> John E. Oh
> B.B.O. # 675916
> Carney & Bassil
> 20 Park Plaza, Suite 1405
> Boston, MA 02116
> 617-338-5566

Dated: December 14, 2011

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                                        /s/ J. W. Carney, Jr.
                                        J. W. Carney, Jr.