UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.         ) | NO. 09-CR-10017-GAO |
| ) | |
| TAREK MEHANNA      ) | |

**DEFENDANT'S MEMORANDUM CONCERNING THE APPLICATION OF THE TERRORISM ENHANCEMENT TO A FALSE STATEMENT CHARGE**

**I. Introduction**

The defendant, Tarek Mehanna, submits this memorandum to the Court to demonstrate that in order for the terrorism enhancement of U.S.S.G. Sec. 3A1.4, to apply in the context of a 18 U.S.C. § 1001 false statement charge, the enhancement must be submitted to the jury and found beyond a reasonable doubt. Additionally, the jury must find that defendant's false statement caused actual obstruction of a federal terrorism investigation.

**II. Applicable Law**

U.S.S.G. Sec. 3A1.4 provides for upward sentence adjustments stemming from acts of terrorism.  It calls for an upward adjustment of 12 levels and a "criminal history" of VI for felonies "that involved, or w[ere] intended to promote a federal crime of terrorism."

The Defendant is charged with false statements under 18 U.S.C. §1001.  The maximum fine for a violation of this statute is imprisonment not more than 5 years.  However, if the court deems that the false statement involves international or domestic terrorism, as defined in 18 U.S.C. §2331, the maximum penalty is increased to a total of 8 years.

### III. Argument

**A. The Fifth and Sixth Amendments require that the Government prove beyond a reasonable doubt that the false statement involved a federal crime of terrorism or was intended to promote a federal crime of terrorism.**

In Apprendi v. New Jersey, 530 U.S. 466, (2000), the Supreme Court established that any fact that increases the penalty for a crime beyond the statutory maximum, except for prior convictions, must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. 466, 476 (2000).  The statutory maximum of U.S.C.18 § 1001(a) is five years.  If the false statement involves a matter of international or domestic terrorism (as defined in 18 U.S.C. §2331), the maximum penalty increases to eight years.  If applied to the Defendant, the 3A1.4 terrorism enhancement would result in a Sentencing Guidelines range well in excess of the five (or 8) year maximum sentence applicable under a violation of §1001(a).  See United States v. Biheiri, 366 F.Supp.2d 589, 598 (E.D. Vir. 2005)

(discussing the potentially "draconian" effect of the terrorism enhancement in the context of a false statement charge)

Thus, in the case of the Defendant's false statement charges, the question of if the terrorism enhancement applies is one of fact that should be submitted to the jury and must be proven beyond a reasonable doubt.  See Apprendi, 530 U.S. at 476.

**B. In order to prove that the false statement "involved a federal crime of terrorism," the Government must prove that the statement <u>actually</u> obstructed an investigation of terrorism.**

3A1.4 provides for a sentencing enhancement for any felony "that involved, or was intended to promote, a federal crime of terrorism."  The application notes, located in the commentary of 3A1.4, help clarify what constitutes a "federal crime of terrorism." Application Note 1, states that "federal crime of terrorism" has the meaning given in 18 U.S.C. §2332(b)(g)(5). [1] Note 2 demonstrates that "obstructing an investigation of a federal crime of terrorism, shall be considered to have involved. . .a federal crime of terrorism."[2]  As result, if the

---

[1] § 341.4 Commentary, Application Note 1:
   <u>Federal Crime of Terrorism Defined</u>"-For purposes of this guideline , "federal crime of terrorism" has the meaning given that term in 18 U.S.C. § 2332(b)(g)(5)

[2] § 341.4 Commentary, Application Note 2:
   <u>Harboring, Concealing, and Obstruction Offense</u>"-For purposes of this guideline, an offense that involved (A)

3

underlying charge is not one of those explicitly set forth in 18 U.S.C. §2332(b)(g)(5), the analysis for 3A1.4 enhancement focuses on whether the defendant "obstructed a federal terrorist investigation."  A false statement is not one of the charges enumerated under 18 U.S.C. §2332(b)(g)(5), and thus, the inquiry of whether the enhancement applies is resolved by answering the question of whether or not the defendant's false statement *obstructed an investigation of a federal crime of terrorism.*

Two federal cases in the Eastern District of Virginia are the predominant cases that have most thoroughly discussed and examined the relationship between the 3A1.4 terrorism enhancement and a false statement charge under 18 U.S.C. § 1001(a). Taken together, United States v. Benkahla, 501 F.Supp.2d 748 (E.D. Vir. 2007), and United States v. Biheiri, 356 F.Supp.2d 589 (E.D. Vir. 2007) demonstrate the government must prove that the statement *actually* obstructed a federal investigation of terrorism.

In United States in v. Biheiri, 501 F.Supp.2d 589, (E.D. Va. 2005), the Court held that "the plain language of § 3A1.4 makes clear that actual obstruction is required" in the

---

harboring or concealing a terrorist who committed a federal crime of terrorism (such as an offense under 18 U.S.C. § 2339 or § 2339A); or (B) obstructing an investigation of a federal crime of terrorism, shall be considered to have involved, or to have been intended to promote, that federal crime of terrorism.

4

application of the terrorism enhancement to a false statement charge. Id. at 598. The Court's reasoning reflected the fact that § 3A1.4 omits any mention of a mere attempt at obstruction, unlike the general obstruction of justice enhancement (§ 3C1.1) and the federal obstruction of justice statute (18 U.S.C. § 1503), which do explicitly punish attempts to obstruct. Id. Thus, the Court reasoned that "§ 3A1.4 applies only where the conduct in issue actually obstructs an investigation of a federal crime of terrorism." Id. at 599. Given that actual obstruction is required, the Government must prove that the Mr. Mehanna's false statements actually obstructed the investigation in which he was questioned.[3]  See Id.

## IV. Conclusion

The Court should submit the question of whether or not the terrorism enhancement applies for the jury to be proven beyond a reasonable doubt, and it must instruct the jury that the government must prove actual obstruction of a federal investigation of terrorism caused by the defendant's false statement.

---

[3] In Biheiri, the court found that the defendant's false statements did not actually obstruct the investigation because the agents had prior and actual knowledge that the defendant's statements regarding his relationship with a man suspected of terrorism were false.  Id. 501 F.Supp.2d at 599-600.

5

```
                              TAREK MEHANNA
                              By his attorneys,

                              CARNEY & BASSIL

                              /s/ J. W. Carney, Jr.
                              J. W. Carney, Jr.
                              B.B.O. # 074760

                              /s/ Janice Bassil
                              Janice Bassil
                              B.B.O. # 033100

                              Sejal H. Patel
                              B.B.O. # 662259
                              Steven R. Morrison
                              B.B.O. # 669533
                              John E. Oh
                              B.B.O. # 675916
                              Carney & Bassil
                              20 Park Plaza, Suite 1405
                              Boston, MA 02116
                              617-338-5566
```

Dated: December 14, 2011

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

/s/ J. W. Carney, Jr.
J. W. Carney, Jr.