UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                               )
        v.             )    Crim. No. 09-CR-10017-GAO
                               )
TAREK MEHANNA             )
                               )
        Defendant.     )

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys Aloke S. Chakravarty and Jeffrey Auerhahn for the District of Massachusetts, and Jeffrey Groharing from the Counter-terrorism Section of the Department of Justice, hereby submits its request for jury instructions in the above-captioned matter.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions if necessary.  Where the government defers to the court's standard instruction, the government either omits reference to the instruction, or suggests the topic of an appropriate instruction.

In addition, the Government moves to admit, subject to defendant's review, an edited version of its exhibit list which is more descriptive than JERS as to the organization of the exhibits that have been introduced which can serve as an index

for the Jury to navigate the government exhibits.  The
government does not object to defense offering a similar aid.

The Government is also proposing a verdict slip which
includes a special question with regard to the Counts 6 and 7,
each of which have an enhancing factor for false statements in a
terrorism investigation which the jury must find under _Apprendi_
and its progeny.

The Government opposes the defendant's request to instruct
the jury pursuant to their statutory construction of the pre-
2004 amendment to 18 U.S.C. Section 2339B.  First, the
conspiracy continued throughout the post-amended statutory
period, for which the law is clear that the updated statute
should govern.  _See, e.g.,_ United States v. Blumeyer, 114 F.3d
758, 766 (8th Cir. 1997)(a continuing offense that spans the date
of enactment of a statute prohibiting such activity poses no _ex
post facto_ problem); United States v. Torres, 901 F.2d 205, 226
(2nd Cir. 1990)(the application of a statute to a crime that
began prior to, but continued after the effective date of the
statute does not violate the _ex post facto_ clause).

Secondly, the amendments in 2004, in relevant part, did not
substantively change the law, but rather clarified precisely so
that there would be no further judicial variation with regard to

2

the understanding of what elements were required under the law as it existed prior to the 2004 amendments. See U.S. v. Hashmi, 2009 WL 4042841 (S.D.N.Y. 2009), at *11 ("Hashmi contends that prosecution under § 2339B for conduct prior to the 2004 addition of the mens rea requirement is tantamount to enacting an ex post facto law. (Hashmi Mem. at 22-24.) The Constitution's Ex Post Facto Clause bars Congress from passing laws to punish conduct that was legal when committed or that increase a criminal penalty after the crime has been committed. U.S. Const. art. I, § 9, cl. 3. Clarifying amendments, however, are applied retroactively and do not violate the Ex Post Facto clause. United States v. Mapp, 990 F.2d 58, 61 (2d Cir.1993) ("When an amendment serves merely to clarify and does not enhance punishment, the Ex Post Facto Clause is not implicated"). Section 2339B was enacted in 1996. Since then it has outlawed the provision of material resources to FTOs. Indeed, the IRTPA's scienter addition served to limit, rather than expand, the scope of the criminality. Hashmi's conduct, as alleged, would always have rendered him chargeable under statute, on every count and for all times asserted. Accordingly, Hashmi's motion to dismiss the indictment on ex post facto grounds is denied."); see also, U.S. v. Abu-Jihaad, 600 F. Supp. 2d 362 (D.Conn. 2009), at 397 (Notably, all of the legislative history states that the new

language added to § 2339B in 2004 was only a clarification of the definition of personnel and not a substantive change. See H.R. Rep. No. 108-724, at 224 (2004), 2004 WL 2282343 (stating that the Act "more clearly defines the term material support"); Material Aid for Terrorists: Hearing on S. 2679 Before Senate Judiciary Committee, 108th Cong. 4 (2004) (statement of Daniel J. Bryant, Assistant Attorney General) ("The provision further clarifies that individuals who act entirely independent of the foreign terrorist organization ... shall not be considered to be working under the foreign terrorist organization's direction and control."); 151 Cong. Rec. S3655-01 (Apr. 14, 2005) (in debate on repeal of sunset provisions, stating that "[t]hese provisions clarify the definitions of the terms 'personnel,' 'training', and 'expert advice or assistance' ").") Consequently, there is no question of ex-post facto application of the law to the defendant.

Respectfully submitted,

Carmen M. Ortiz

United States Attorney

By: /s/ Aloke Chakravarty
    ALOKE S. CHAKRAVARTY
    JEFFREY AUERHAHN
    Assistant U.S. Attorneys

Jeffrey Groharing
Trial Attorney

4

National Security Division

Date: 12/14/11

<u>Certificate of Service</u>

I do hereby certify that a copy of foregoing was served upon the counsel of record for the defendants by electronic notice on this 14th day of December 2011.

<u>/s/ Aloke Chakravarty</u>
Aloke Chakravarty

**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(PUNISHMENT**)

**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(SYMPATHY)**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is: Has the Government proven its case beyond a reasonable doubt? You are to determine this solely on the basis of the evidence and subject to the law as I have charged you.[1]

**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(PREPARATION OF WITNESSES)**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve

---

[1] Adapted from 1 Sand, Instr. 2-12.

your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[2]

**GOVERNMENT'S PROPOSED INSTRUCTION**
  **(WEIGHING THE TESTIMONY OF AN EXPERT WITNESS**)

**GOVERNMENT'S PROPOSED INSTRUCTION**
  **(STIPULATIONS)**

**GOVERNMENT'S PROPOSED INSTRUCTION**
  **(LAWFULNESS OF EVIDENCE)**

The evidence in this case was lawfully obtained and you should not consider whether the evidence that has been presented was properly acquired.  There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

---

[2] Charge of Hon. Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.[3]

## GOVERNMENT'S PROPOSED INSTRUCTION
### (TRANSCRIPTS AND TRANSLATIONS)

The Government has offered evidence in the form of recordings of conversations involving the defendant. In some cases, these recordings were made without the knowledge of the defendant or coconspirators who participated, but with the consent and agreement of one of the other parties to the conversations. I instruct you that the use of these procedures to gather evidence is perfectly lawful, and the Government is entitled to use the recordings in this case.

Whether you approve or disapprove of the recording of these conversations may not enter your deliberations. You must,

---

[3] Adapted from 1 Sand, Instr. 4-4, and from the charge of the Honorable Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in *United States* v. *Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992)and Judge Pierre N. Leval in *United States* v. *Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992).

therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant you are considering.

The parties have been permitted to hand out typed documents which the Government prepared containing the Government's interpretation of what appears on the recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the recordings. However, as to those transcripts of discussions that were in English, the transcripts are not in and of themselves evidence. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than what appeared on the transcript, then what you heard is controlling.

You heard both from the recordings themselves and from witnesses that some portions of the conversations were in foreign languages, specifically, Arabic. For that reason, it was necessary for the Government to obtain translations of those conversations into English. The transcript of those portions of the conversations embody the testimony of interpreters called by the Government to testify. As such, those portions of the

transcripts reflecting the foreign language-to-English translation have been admitted into evidence. Similarly, translations of certain documents that were in foreign languages have been admitted into evidence, and these translations also embody the testimony of interpreters called by the Government to testify.

To the extent that you accept or reject the testimony of any interpreter, however, you may accept or reject the transcript or translation itself.[4]


**GOVERNMENT'S PROPOSED INSTRUCTION**
    **(OTHER DEFENDANT(S))**
    You should not speculate on why other individuals whose names you may have heard during the trial are not currently on trial before you.


**GOVERNMENT'S PROPOSED INSTRUCTION**
    (Cooperating Witness Called by the Government)

---

[4] Adapted from 1 Sand Instr. 5-9, 5-10, 5-11, and the charge of Judge Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992). *See United States v. Ulerio*, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); *United States v. Vasquez*, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder); *United States v. Llinas*, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy).

You have heard witnesses who testified that they were involved in planning and carrying out certain crimes with the defendant.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.  For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that testimony of cooperating witnesses is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth.  Was their

testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?

If you believe that a cooperating witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the testimony of cooperating witnesses.[5]

**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(TIMING – ON OR ABOUT)**

The indictment charges that the offenses were committed within time periods "on or about" certain dates.  It is not essential that the Government prove that the crimes started and ended on a specific date.

---

**SUBSTANTIVE CHARGES**

**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(OVERVIEW OF THE INDICTMENT)**

---

[5] **Error! Main Document Only.**Adapted from Sand, supra, Instruction 7-5; charge of Hon. Nicholas Garaufis, United States v. Ronell Wilson, E.D.N.Y. 04-CR-1016 (NGG); and the charge of the Hon. Frederic Block, United States v. Kenneth McGriff, E.D.N.Y. 04-CR-966 (FB).

The indictment in this case contains seven (7) counts or charges against the defendant.

Count 1 charges the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown for any time between 2001 and June 2010 to provide material support and resources to a foreign terrorist organization, namely al Qa'ida, knowing that al Qa'ida was a designated terrorist organization or that al Qa'ida had engaged in and was engaging in terrorist activity and terrorism.  The material support and resources need not be provided in order to further the terrorist activities of the organization.

Count 2 charges the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown from any time between 2001 and June 2010: (1) to provide material support or resources, **or,** (2) to conceal and disguise the nature, location, source, and ownership of such material support and resources,

knowing and intending that the material support or resources was to be used in preparation for and in carrying out violations of 18 U.S.C. §956 (conspiracy to kill in a foreign country), or §2332 (extraterritorial homicide of a U.S. national).

Count 3 charges the defendant from any time between the spring of 2002 and February 2007 with providing or attempting to

provide, material support or resources, knowing and intending that the material support and resources were to be used in preparation for and in carrying out violations of 18 U.S.C. §956 (conspiracy to kill, kidnap, maim, or injure persons in a foreign country), and §2332 (extraterritorial homicide of U.S. national).

Count 4 charges the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown at any time between 2001 to June 2010 to commit acts outside the United States that would constitute the offense of murder if committed in the jurisdiction of the United States.

Count 5 charges the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown at any time between 2003 to June 2010 to make materially false, fictitious and fraudulent statements, and provide false information and documents containing false information, and conceal material information, concerning matters within the jurisdiction of the executive branch of the Government of the United States.

Count 6 charges defendant, TAREK MEHANNA with making materially false, fictitious and fraudulent statements to the Federal Bureau of Investigation on December 16, 2006 when he provided information regarding the whereabouts and activities of Daniel Maldonado.

14

Count 7 charges defendant TAREK MEHANNA with making materially false, fictitious and fraudulent statements to the Federal Bureau of Investigation on December 16, 2006 when he provided information regarding a February 2004 trip to Yemen.

Counts 6 & 7 further allege that the false statements were made in the course of an investigation involving terrorism.

The defendant is also charged alternatively with aiding and abetting each of these crimes.

**GOVERNMENT PROPOSED INSTRUCTION**
**(CONSPIRACY - ELEMENTS - COUNTS 1, 2, 4, & 5)**

First, I will explain key concepts in the law defining conspiracy.  A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

15

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed – that is to say either to disobey or disregard the law – not to act by ignorance, accident, or mistake.  The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that a defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.

Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a

16

conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

To prove a conspiracy, the Government is not required to show that two or more people entered into a formal agreement or to provide evidence of an agreement spelling out the precise details of such a violation.  Instead, the existence of an agreement may be inferred from circumstantial evidence.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  It is sufficient if two or more persons, in some way or manner, formally or informally, impliedly or tacitly, come to a common understanding that they will violate the law and accomplish an unlawful plan.  You may find that the existence of the agreement to disobey or disregard the law has been established by direct proof.  However, because some conspiracies are, by their very nature, characterized by secrecy, you may also infer the existence of an agreement from the circumstances of this case and the conduct of the parties involved.

In the context of conspiracy cases, then, actions may speak louder than words.  In this regard you may, in determining

17

whether an agreement existed here, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.  It is sufficient to establish the existence of the conspiracy if, from proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding to accomplish the objectives of the conspiracy.

A conspirator's guilt is not measured by the duration or extent of his participation.  Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles; others play minor roles in a larger overall scheme.  An equal role is not what the law requires for a defendant to be guilty of conspiracy.  In fact, depending on the circumstances of the case, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

In sum, the defendant in question, having had an understanding of the unlawful character of the conspiracy, must have willfully engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  The defendant

thereby becomes a willing participant in the unlawful agreement - that is to say, a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime.[6]

**GOVERNMENT'S PROPOSED INSTRUCTION**
**(DEFENDANT NEED NOT ORIGINATE CONSPIRACY-COUNTS 1,2,4,& 5)**

In order to establish a conspiracy, the government is not required to establish that the defendant originated the conspiracy or illegal scheme.  It is sufficient to prove that there was a conspiracy in which the defendant knowingly participated.[7]

**GOVERNMENT PROPOSED INSTRUCTION**
**(EXTENT OF PARTICIPATION - COUNTS 1, 2, 4, & 5)**

The Indictment charges that the defendant joined in conspiracies to commit certain federal crimes.

The extent of the defendant's participation in the conspiracy has no bearing on the issue of that defendant's guilt.  The defendant's liability is not measured by the extent

---

[6] Adapted from <u>First Circuit Pattern Jury Instructions</u> (Criminal), Instr. 4.03, 2.13 (1998).

[7] Adapted from 2 Sand, <u>Modern Federal Jury Instructions (Criminal)</u>, § 44.01, Instruction No. 44-4.  <u>United States v. Cloud</u>, 872 F.2d 846, 850 (9th Cir. 1989).

or duration of his membership in the conspiracy charged.

Indeed, each member of a joint criminal enterprise may perform

separate and distinct acts and may perform them at different

times.  Some members play major roles, while others play minor

parts.  An equal role is not what the law requires.[8]


**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(EXTENT OF CONSPIRACY LIABILITY FOR THOSE DEEMED
          CONSPIRATORS - COUNTS 1, 2, 4, & 5)**

Once a defendant's membership in the conspiracy is

established, the defendant may be held accountable – as relates

to the conspiracy charge – for everything said, written, or done

by any other conspirator in furtherance of the conspiracy, even

where the acts were done before the defendant joined the

conspiracy and even if the defendant was unaware of precisely

what was done or who did it.[9]


**GOVERNMENT'S PROPOSED INSTRUCTION**
       **(EXTENT TO WHICH DEFENDANT'S KNOWLEDGE OF CONSPIRACY MUST
       BE SHOWN - COUNTS 1, 2, 4, & 5)**

To be a member of a conspiracy, a defendant need not know

the identities of all of the other members, nor even the total

number of members.  A defendant also need not know the entire

---

[8] Adapted from 1 L. Sand et al., <u>Modern Federal Jury Instructions (Criminal)</u>, §19.01, Instruction No. 19-6 (2006).

[9] <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 393 (1948); <u>Deacon v. United States</u>, 124 F.2d 352, 358 (1st Cir. 1941).

scope of the conspiracy, nor all of the details of the conspiracy, nor the means by which the object or purpose of the conspiracy was to be accomplished.[10]

**GOVERNMENT'S PROPOSED INSTRUCTION**
    **(DURATION OF THE CONSPIRACY - COUNTS 1, 2, 4, & 5)**

Once a conspiracy is formed, it will continue as to each member until it is either its purposes have been fully achieved or until the individual defendant withdraws.  Because of the secretive nature of criminal conspiracies, the law presumes that, once established, a criminal conspiracy continues.  This means that, if you determined all of the elements of conspiracy have been established by the government beyond a reasonable doubt, at any time during the charged conspiracy, then the defendant is guilty of participating in the conspiracy.[11]

**GOVERNMENT'S PROPOSED INSTRUCTION**
    **(WITHDRAWAL FROM CONSPIRACY – COUNTS 1, 2, 4, & 5)**

Once a person joins a conspiracy, the person remains a member until he withdraws from it.  To withdraw, a conspirator must take affirmative action to disavow or defeat the purpose of the conspiracy, such as making a full confession to the

---

[10] <u>Blumenthal v. United States</u>, 332 U.S. 539, 557 (1947).

[11] <u>United States v. May</u>, 343 F.3d 1, 5 (1st Cir. 2003) ("this Court presumes conspiracies exist absent an affirmative showing of their termination"); <u>United States v. Elwell</u>, 984 F.2d 1289, 1293 (1st Cir.1993) ("[w]here a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated....").

authorities or affirmatively telling his co-conspirators that he has abandoned the conspiracy and its goals.  Mere cessation of activity or disagreement between the co-conspirators is not enough; some disagreement is to be expected in a group endeavor.[12]

**GOVERNMENT'S PROPOSED INSTRUCTION**
**(LIABILITY FOR ACTS AND DECLARATIONS OF CO-CONSPIRATORS - COUNTS 1, 2, 4, & 5)**

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may consider against each defendant any acts or statements made by any of the alleged co-conspirators, even though such acts or statements were not made in the presence of the defendant, or were made without his knowledge.

Any of the acts or statements of any of those individuals may be considered by you in deciding the issues relevant to the defendants' guilt in this case.[13]

---

[12] United States v. Nason, 9 F.3d 155, 161 (1st Cir. 1993), cert. denied, 510 U.S. 1207 (1994) (defendant only entitled to withdrawal instruction "if he produces some evidence to support all elements of his theory . . . This court has had that '[m]ere cessation of activity in furtherance of [a] conspiracy does not constitute withdrawal.'") (citations omitted); United States v. Pizarro-Berrios, 448 F.3d 1, 10 (1st Cir. 2006) ("'in order to withdraw from a conspiracy, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy.  Typically, that requires either a full confession to authorities or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals.'").

[13] United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.), cert. denied, 459 U.S. 945 (1982) (specifically mandated that juries not be invited to reconsider admissibility of co-conspirator hearsay).

You may consider acts knowingly done and statements knowingly made by the defendant's co‐conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though they were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant had joined the conspiracy, for a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all of the conduct of the co‐conspirators from the beginning of the conspiracy.

<u>**GOVERNMENT'S PROPOSED INSTRUCTION**</u>

<u>**COUNT 1**</u>
**CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO FOREIGN TERRORIST
ORGANIZATION**

In Count 1, the defendant, TAREK MEHANNA is accused of
conspiring to commit a federal crime -- specifically, the crime
of providing material support or resources to a designated
foreign terrorist organization, namely al Qa'ida. Specifically,
Count 1 of the Indictment charges that at any time between in or
about 2001, through until on or about June 2010, the defendant,
being a national of the United States, did unlawfully and
knowingly, conspire and agree with others known and unknown to
provide material support and resources, as that term is defined
in 18 U.S.C. §2339A(b), including services, currency and
monetary instruments, training, expert advice and assistance,
and personnel, to a foreign terrorist organization, namely al
Qa'ida, knowing that al Qa'ida was a designated terrorist
organization under 8 U.S.C. §1189, or that al Qa'ida had engaged
in and was engaging in terrorist activity and terrorism, as
those terms are defined in 8 U.S.C. §1182(a)(3)(B) and 22
U.S.C. §2656f(d)(2).

The crime of conspiracy — or agreement — to violate a
federal law, is an independent offense. It is separate and
distinct from the actual violation of any specific federal laws,

which the law refers to as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy to provide material support to al Qa'ida even if there was no *actual* provision of support. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.[14]

In order to find a defendant guilty of the offense of conspiracy to provide material support or resources to a foreign terrorist organization, you must find each of the following elements beyond a reasonable doubt as to that defendant:

FIRST:      that two or more persons reached an agreement or came to an understanding to provide material support or resources;

SECOND:     to a foreign terrorist organization;

THIRD:      that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect.

To assist you in determining whether there was an agreement or understanding to provide material support and resources to a

_____

[14] Adapted from 1 Sand, Instr. 19-2. *See United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

foreign terrorist organization, you are advised that the elements of the substantive offense of providing material support and resources to a foreign terrorist organization are:

<u>One</u>, that the defendant knowingly provided material support or resources;

<u>Two</u>, that the defendant knew that the support or resources was going to or was to be coordinated with the organization commonly known as al‑Qa'ida;

<u>Three</u>, that the organization commonly known as al‑Qa'ida previously had been designated as a foreign terrorist organization by the Secretary of State;

<u>Four</u>, that the defendant knew that one or more of the following conditions existed:

a. That the organization commonly known as al‑Qa'ida had been designated a foreign terrorist organization; *or*

b. That the organization commonly known as al‑Qa'ida has engaged or engages in terrorist activity; *or*

c. That the organization commonly known as al‑Qa'ida has engaged or engages in terrorism;

<u>Five</u>, that one or more of the following jurisdictional conditions is met:

a. The defendant is a national of the United States; *or*

b. The offense occurred overseas and the defendant was found
   in the United States; *or*

c. The offense occurred in whole or in part within the
United States; *or*

d. The offense occurred in or affected interstate or
foreign commerce; or

e. The defendant aided or abetted any person over whom
jurisdiction exists in committing an offense under this statute
or conspired with any person over whom jurisdiction exists to
commit an offense under this statute.

For purposes of the fifth element, a "national of the
United States" includes a United States citizen.

For purposes of the fourth and fifth elements, you must
unanimously agree which condition or conditions are met.  You
must unanimously find at least one condition for each element.

There is no requirement that the government prove that the
defendants acted with the specific intent to further the
terrorist activities of the organization.

Keep in mind that Count 1 of the Indictment charges a
conspiracy to commit the offense and not that the offense was
actually committed.

First Element – Agreement to provide Material Support or
Resources

The Conspiracy charged in Count One, is alleged to have had the unlawful objective of providing "material support or resources" to a foreign terrorist organization, in this case, al Qa'ida.

The first element the government must prove beyond a reasonable doubt is that the defendant provided material support or resources.

Here, the government has alleged that the material support that the defendant conspired to provide included one or more of the following:

*services,*

*money,*

*training,*

*expert advice and assistance, or*

*himself or others as personnel.*

## Definitions

For the purposes of this element, the phrase "material support or resources" includes any service, currency or monetary instruments (money), training, expert advice or assistance, and personnel.  It does not include medicine or religious materials.

The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

The term "personnel" means one or more persons, which can include the defendant's own person.

However, for the purposes of providing personnel under this statute, the defendant must have knowingly conspired to provide a foreign terrorist organization with one or more individuals (who may include the defendant) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise work in coordination with that organization.  Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working in coordination with the foreign terrorist organization.

If you find that the defendant agreed to provide material support in coordination with al Qa'ida, and that the assistance which was to be provided was "material support or resources" as defined above, then this element is satisfied.  If you find that the type of assistance was not "material support or resources" or if the objective of the conspiracy was to be entirely independent advocacy for the organization, then this element cannot be satisfied.

The term "foreign terrorist organization" has a particular meaning under this statute.  In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law, and have been designated at the time the crime occurred.

For a person to act "knowingly" means that he realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident. In determining whether the defendant conspired to provide material support or resources, you must all agree that the defendant conspired to provide at least one of the forms of "material support or resources" listed above, however, you need not agree that the defendant conspired to provide each and every one.

Second Element – Knowledge of FTO

The second element that the government must prove beyond a reasonable doubt is that, in conspiring to provide material support or resources to a designated terrorist organization, the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism.

Specifically, you must conclude that, at the time the defendant conspired to provide the material support or resources

in question, he knew that they would be provided to or in coordination with al Qa'ida.  Further, you must find beyond a reasonable doubt either that the defendant knew that al Qa'ida had been designated by the United States government as a foreign terrorist organization *or* that he knew that the organization had engaged in or was engaging in terrorist activity.

You do not need to find that the defendant provided support to the terrorist activities of a designated foreign terrorist organization, just whether he provided material support to the organization.  Consequently, if you find beyond a reasonable doubt that the defendant attempted to provide any of the types of "material support" I have just enumerated to al-Qa'ida or furnished it to any person acting on behalf of al-Qa'ida during the period charged in the indictment, the government's burden with respect to this element has been met.

Terrorist activity" is defined as any activity which is unlawful under the laws of the place it was committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any particular State), and which involves any of the following: (1) the seizing or detaining, and threatening to kill, injure, or continue to detain another individual in order to compel a third person (including a governmental organization) to do or abstain from

doing any act as an explicit or implicit condition for the release of the individual seized or detained; (2) an assassination; (3) the use of any explosive, firearm, or other weapon or dangerous device other than for mere personal monetary gain, with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; and (4) a threat, attempt, or conspiracy to do any of the above acts. 8 U.S.C. § 1182(a)(3)(B).

To "engage in terrorist activity" means, in an individual capacity or as a member of an organization-- (1) to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity; (2) to prepare or plan a terrorist activity; (3) to gather information on potential targets for terrorist activity; (4) to solicit funds or other things of value for-- a terrorist activity or a designated terrorist organization. The government need only prove at least one type of terroristic activity, but you must all agree unanimously on which type or types have been proven.

The term "terrorism" for purposes of this section means a premeditated, politically motivated violence perpetrated against non-combatants targeted by sub-national groups or clandestine

agents.

The term "interstate commerce", as used in these instructions, means trade, or business, or travel between one or more states, territories, and possessions of the United States, including the District of Columbia. The term "foreign commerce" as used in these instructions, means to be involved in or affect in some way trade, or business, or travel between any state, territory or possession of the United States and a foreign country.

Third Element – Mens Rea

The third element that the government must prove beyond a reasonable doubt is that the defendant unlawfully and knowingly joined in the agreement to provide material support or resources to Al Qa'ida. You need not find that the defendant knew any particular statute would be violated; instead, you must find that the defendant knew or intended that his actions would result in the type of conduct forbidden under the statute I have described to you, whether he knew it was against the law or not.

**GOVERNMENT'S PROPOSED INSTRUCTION**

<u>COUNT 2</u>
**CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO TERRORISTS – 18 USC 2339A**

In Count 2, the defendant is accused of conspiring to provide material support and resources to terrorists. Specifically, Count 2 of the Indictment charges that beginning in or about 2001, and continuing through on or about June 2010, the defendant did knowingly and unlawfully combine, conspire and agree with AHMAD ABOUSAMRA and with others known and unknown to provide material support and resources, as that term is defined in 18 U.S.C. §2339A(b), including, services, currency and monetary instruments, training, expert advice and assistance, and personnel, or to conceal and disguise the nature, location, source, or ownership of such material support and resources, knowing and intending that the material support and resources were to be used in preparation for and in carrying out violations of Title 18, United States Code, Section 956 (conspiracy to kill, kidnap, maim, or injure persons in a foreign country), or Section 2332 (extraterritorial homicide of a U.S. national).

The government must establish beyond a reasonable doubt each of the following elements to prove a violation of Section 2339A(a):[15]

First, that the defendant and one or more persons entered into a conspiracy;

Second, that the objective of the conspiracy was to provide material support or resources; Or to conceal or disguise the nature, location, source, or ownership of such material support and resources; and

Third, that the defendant became a member of that conspiracy knowing and intending that the provision of such material support or resources would be used in preparation for or in carrying out another conspiracy to murder, kidnap or maim somebody outside the United States or to kill U.S. nationals;

With respect to the first element of this count, I have previously instructed you on the law governing conspiracy.

---

[15] **Error! Main Document Only.**Adapted from the charge of the Hon. Charles P. Sifton in United States v. Awan,06-CR-156 (S-2)(CPS); the charge of the Hon. John F. Keenan in United States v. Oussama Kassir, 04-CR-356 (S.D.N.Y.)(JFK); and the charge of the Hon. Gerald B. Lee in United States v. Ahmed Omar Abu-Ali, 05-CR-53 (E.D.Va.)(GBL); United States v. Sattar, 314 F.Supp.2d 279, 306-07 (S.D.N.Y. 2004)(conspiracy provision to 18 U.S.C. § 2339A does not have overt act requirement).

With respect to the second element of this count, the government must prove beyond a reasonable doubt that the defendant conspired to provide material support and resources, including services, currency or monetary instruments (money), training, expert advice and assistance, or personnel or to conceal or disguise the nature, location, source, or ownership of such material support and resources.

I have previously defined the terms "training," "expert advice or assistance," and "personnel."

The "material support" that triggers Section 2339A in Counts Two and Three need not be support to any particular or specified terrorist group.  Instead, the support must be given in furtherance of one of the predicate criminal offenses set forth in the statute.

If you should find beyond a reasonable doubt that a defendant conspired to provide material support or resources in any of these forms, the government's burden with respect to the second element has been met.

With respect to the third element, you must find that the defendant joined this conspiracy to provide material support or resources, knowing or intending that they would be used in preparation for or in carrying out another conspiracy, specifically, a conspiracy to commit murder in a foreign

country, in violation of Title 18, United States Code, Section 956(a) or, a conspiracy to kill U.S. Nationals in violation of Title 18, United States Code, Section 2332. In other words, the predicate criminal offenses in Counts Two and Three are a violation of Title 18, United States Code, Section 956(a)(1), which makes it a crime to participate in a conspiracy to kill or maim people outside the United States or a violation of Title 18, United States Code, Section 2332, which makes it a crime to participate in a conspiracy to kill U.S. Nationals.  I will explain to you the elements of the Section 956(a) conspiracy in connection with Count Four.  The elements of a conspiracy to kill U.S. Nationals are as follows:

First, that two or more persons entered into an unlawful agreement, the object of which was to murder nationals of the United States as charged in Count One of the Indictment;

Second, that the defendant knowingly and willfully became a member of that conspiracy, acting intentionally to further its illegal purpose;

Third, that the defendant knowingly and willfully engaged in the conspiracy while outside of the United States;

Fourth, that one or more of the conspirators, but not necessarily the defendant, knowingly committed at least one overt act during the time of the charged conspiracy;

and

Fifth, that at least one overt act which you unanimously find to have been committed was knowingly and willfully committed to effect the object of the conspiracy.[16]

Furthermore, I previously instructed you on the definitions of "knowingly" and "intentionally" in connection with Count One. You need not find that the defendant knew any particular statute would be violated; instead, you must find that the defendant knew or intended that his actions would result in the type of conduct forbidden under the statute I have described to you.

There is no overt act requirement in order to find that the defendant conspired to provide material support to terrorists as charged in Count Two.


**GOVERNMENT'S PROPOSED INSTRUCTION**

### COUNT 3

**ATTEMPTING TO PROVIDE OR PROVIDING MATERIAL SUPPORT TO TERRORISTS AND CONCEALING AND ATTEMPTING TO CONCEAL MATERIAL SUPPORT TO TERRORISTS – 18 USC 2339A**

In Count 3, the defendant is accused of providing and attempting to provide material support to terrorists. Specifically, Count 3 of the Indictment charges that from the spring of 2002 until in or about February 2007, the defendant

---

[16] Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. *Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001).

did knowingly provide and attempt to provide material support

and resources, as that term is defined in 18 U.S.C. §2339A(b),

including services, currency and monetary instruments, training,

expert advice and assistance, and personnel, or did conceal and

disguise or attempt to conceal and disguise the nature,

location, source, or ownership of such material support and

resources, knowing and intending that the material support and

resources were to be used in preparation for and in carrying out

violations of Title 18, United States Code, Section 956

(conspiracy to kill, kidnap, maim, or injure persons a foreign

country), or Section 2332 (extraterritorial homicide of U.S.

national).

    To prove Count Three, the government must prove beyond a

reasonable doubt:

    First, that the defendant provided or attempted to provide

material support or resources; or

    that the defendant concealed or disguised the nature,

location, source, or ownership of such material support and

resources or attempted to do so;

    Second, that the defendant did so knowing or intending that

such support or resources would be used in preparation for or in

carrying out violations of 18 U.S.C. §956 (Conspiracy to Kill

Persons in a Foreign Country or §2332 (Extraterritorial Homicide of a U.S. National).

**GOVERNMENT'S PROPOSED INSTRUCTION**
**COUNT 3**
**ATTEMPT TO PROVIDE MATERIAL SUPPORT OR TO CONCEAL MATERIAL SUPPORT TO TERRORISTS**

The Defendant has been charged with providing material support or resources to terrorists, and alternatively with attempting to do so. If you should find beyond a reasonable doubt with respect to a particular count that the defendant committed the substantive offense, then you do not need to consider the question of attempt. If, however, you find that the government has not proved beyond a reasonable doubt each of the elements of providing material support or resources to a foreign terrorist organization, then you should consider whether the government has proven that the defendant attempted to do so. A person may be found guilty of an attempt if he intended to provide material support or resources to a foreign terrorist organization and voluntarily and intentionally carried out some act which was a substantial step toward that provision of material support.

In order to carry its burden of proof for the crime of attempt to provide material support to terrorists or attempt to

conceal material support to terrorists as charged in Count 3 of the indictment, the government must prove the following two things beyond a reasonable doubt:

<u>First</u>, that defendant intended to commit the crime of providing material support to terrorists or concealing material support to terrorists; and

<u>Second</u>, that defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme.  A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.

The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.


**<u>GOVERNMENT'S PROPOSED INSTRUCTION</u>**
**(PINKERTON LIABILITY FOR SUBSTANTIVE**
**OFFENSES COMMITTED BY OTHERS – COUNT 3)**

There are three ways that the government can prove a defendant guilty of the crime of attempting to provide or providing material support to terrorists.  The first is by convincing you that he personally committed or participated in the particular offenses charged.  The second is by proving that the defendant aided or abetted someone else in committing the particular offenses charged.  The third, which I will discuss now, is based on the legal rule that the members of a conspiracy are responsible for acts committed by other members, so long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

This means that a conspirator may be convicted of a crime committed by another conspirator, even if he or she did not personally participate in that crime themselves.

But for you to find the defendant guilty of based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)  <u>First</u>, that the defendant was a member of the conspiracy charged in the indictment.

(B)  <u>Second</u>, that after he joined the conspiracy, and while he or she was still a member of it, one or more of the other members committed the particular offense charged.

(C)  <u>Third</u>, that this crime was committed in furtherance of the conspiracy.

(D)  And fourth, that this crime was within the reasonably
foreseeable scope of the unlawful project.  The crime must
have been one that the defendant could have reasonably
anticipated as a necessary or natural consequence of the
agreement.

This does not require proof that the defendant specifically
agreed or knew that this particular crime would be committed.
But the government must prove that the crime was within the
reasonable contemplation of the persons who participated in the
conspiracy.   The defendant is not responsible for the acts of
others that go beyond the fair scope of the agreement as the
defendant understood it.[17]

**GOVERNMENT'S PROPOSED INSTRUCTION**
**(AIDING AND ABETTING – ALL COUNTS)**

Each of the counts of the Indictment charge the defendant
with aiding and abetting others in committing the various crimes
charged, in addition to committing the crimes himself.  Section
2 of Title 18 of the United States Code is the aiding and
abetting statute and it provides as follows:

---

[17] Adapted from:  Committee on Pattern Criminal Jury Instructions District
Judges Association Sixth Circuit, Pattern Criminal Jury Instructions: Sixth
Circuit §3.10 (2005).  See United States v. Gobbi, 471 F.3d 302, 309 (1st
Cir. 2006) (noting alternative bases of liability based on direct
involvement, aiding and abetting, and Pinkerton liability); United States v.
Hansen, 434 F.3d 92, 104 (1st Cir. 2006) (noting emphasis, in properly-given
Pinkerton instruction, "that the jury was obligated to find each element of
Pinkerton beyond a reasonable doubt").

(a)   Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

(b)   Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

For the purposes the aiding and abetting statute, to "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime, and (2) a defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.  So, if the acts or conduct of an agent or other associate of a defendant are willfully directed or authorized by the defendant, or if a defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

This means that the government must prove that a defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.  A defendant

need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.


**GOVERNMENT'S PROPOSED INSTRUCTION**
   **(AIDING AND ABETTING - INNOCENT INSTRUMENTALITY – COUNT 3)**

**GOVERNMENT'S PROPOSED INSTRUCTION**
           **(AIDING AND ABETTING – WILLFULNESS – COUNT 3)**

**GOVERNMENT'S PROPOSED INSTRUCTION**

**COUNT 4**
**CONSPIRACY TO KILL IN A FOREIGN COUNTRY (18 USC 956)**

Count Four of the Indictment charges the defendant with conspiring to kill in a foreign country. Specifically, Count Four alleges in relevant part:

From at least in or about 2001, up to and including in or about June 2010, in the District of Massachusetts and elsewhere, the defendant, and Abousamra, and others known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit acts outside the United States that would constitute the offense of murder if committed within the United States.

The government must establish beyond a reasonable doubt each of the following elements to prove a violation of Section 956(a)(1):

> First, that the defendant and one or more persons entered into a conspiracy;

> Second, that the defendant became a member of that conspiracy knowing and intending that the objective of the conspiracy was to murder, kidnap or maim somebody outside the United States.

> Third, that the defendant engaged in the conspiracy while he was in the jurisdiction of the United States.

> Fourth, that at least one conspirator - not necessarily the defendant - committed an overt act within the jurisdiction of the United States in furtherance of the conspiracy.

With respect to the first element of this count, I have previously instructed you on the law governing conspiracy.

With respect to the second element of this count, you must find beyond a reasonable doubt that the defendant entered into the conspiracy "knowingly" and "intentionally."

A person acts "knowingly" if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him.  If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then

this element may be satisfied.  However, guilty knowledge may
not be established by demonstrating that the defendant was
merely negligent, foolish or mistaken.

It is entirely up to you to determine whether the
defendant deliberately closed his eyes and what inferences, if
any, may be fairly drawn from the evidence on this issue.
Whether the defendant acted "knowingly" may be proven by a
defendant's conduct and by all of the facts and circumstances
surrounding the case.

Certain allegations in the indictment require that the
government prove beyond a reasonable doubt that the defendant
acted "intentionally," in order to sustain its burden of proof.
Before you can find that the defendant acted intentionally, you
must be satisfied beyond a reasonable doubt that the defendant
acted deliberately and purposefully.  A defendant need not have
been aware of the specific law or rule that his conduct may have
violated, but his acts must not have been the product of a
mistake or accident.

These issues of knowledge and intent require you to
make a determination about the defendant's state of mind,
something that can rarely be proved directly.  A wise and
careful consideration of all the circumstances of the case may,
however, permit you to make such a determination as to the

defendant's state of mind.  Indeed, in your every day affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

The law says conspiring to commit murder in a foreign country is a crime; I have previously explained the law of conspiracy.

Also with respect to the second element, Federal law defines murder as the unlawful killing of a human being with malice aforethought.  To kill with "malice aforethought" means to have, at the time of the killing, an intent to take the life of another person either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. The Government need not prove that the Defendant or any members of the conspiracy hated the person(s) to be killed or felt ill will toward the victim at the time, but the evidence must establish beyond a reasonable doubt that the Defendant specifically intended that a member of the conspiracy would act with the intent to kill or would willfully do acts with callous and wanton disregard for the consequences and which they knew would result in a serious risk of death or serious bodily harm.

The term "maim" means to mutilate or disfigure.

48

The third element is that the defendant, having joined the conspiracy, participated in the conspiracy while he was within the jurisdiction of the United States.  It is not necessary that the conspiracy was formed in the United States. The only requirement is that the defendant was part of the conspiracy during some period of time while he was within the jurisdiction of the United States.  The location of those with whom the defendant conspired is irrelevant.

With respect to the fourth element, you must find beyond a reasonable doubt that one or more of the conspirators, but not necessarily the defendant, knowingly committed at least one overt act within the jurisdiction of the United States in furtherance of the object of the conspiracy.

The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some step or action to further the conspiracy be taken during the life of the conspiracy by one of the co-conspirators.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment.  Nor must you find that the defendant himself committed an overt act.

It is sufficient for the Government to show that the defendant, or one of his alleged co-conspirators, knowingly committed an overt act in furtherance of the conspiracy — whether or not that particular overt act is listed in the Indictment.

You should bear in mind that the overt act, standing alone, may itself be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal. Similarly, an overt act does not have to, itself, constitute an objective of the conspiracy.

## GOVERNMENT'S PROPOSED INSTRUCTION
### (OVERT ACTS NEED NOT BE CRIMINAL – Counts 4 & 5)

For Counts Four and Five (but not for Counts One and Two), the government must prove that at least one overt act occurred in furtherance of the conspiracies charged.

It is not necessary that the act done in furtherance of the conspiracy be in itself unlawful. It may be perfectly innocent in itself.

It is not necessary that the defendant have personally committed the act, known about it, or witnessed it. It makes no

difference which of the conspirators did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme. It is not necessary that the government prove, beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy. It is sufficient if the government proves beyond a reasonable doubt, one such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done.

**GOVERNMENT'S PROPOSED INSTRUCTION**

**COUNT 5**
**Conspiracy to provide material false statements — 18 U.S.C. 371**

In Count 5, the defendant is accused of conspiring to commit a federal crime -- specifically, the crime of making materially false, fictitious and fraudulent statements, and providing false information and documents containing false information,or concealing material information. Specifically, Count 5 of the Indictment charges that beginning in or about 2003 and continuing through on or about June 2010, the defendant did knowingly and unlawfully combine, conspire and agree with with others known and unknown to knowingly and willfully make

materially false, fictitious and fraudulent statements, or

provide false information and documents containing false

information, or conceal material information, concerning matters

within the jurisdiction of the executive branch of the

Government of the United States, in violation of Title 18,

United States Code, Section 1001.

In order to find the defendant guilty, you must be

convinced that the government has proven each of the following

three elements beyond a reasonable doubt:

FIRST:      that the agreement specified in the Indictment,
            and not some other agreement or agreements,
            existed between at least two people to make
            materially false, fictitious and fraudulent
            statements, or provide false information and
            documents containing false information, or
            conceal material information.

SECOND:     that the defendant willfully joined in that
            agreement; and

THIRD:      that one of the conspirators committed at least
            one overt act during the period of the conspiracy
            in an effort to further the purpose of the
            conspiracy.[18]


**GOVERNMENT PROPOSED INSTRUCTION**
**(FALSE STATEMENTS – COUNTS 5-7)**

Counts Five through Seven of the Indictment deal with

making materially false, fictitious and fraudulent statements

---

[18] 1 L. Sand, et al, Modern Federal Jury Instructions (Criminal), § 19.01,
Instruction No. 19-3 (2011); First Circuit Pattern Jury Instructions
(Criminal), Instr. 4.03 (1998).

within the jurisdiction of the executive branch of the Government of the United States. Specifically, Count 5 charges the defendant with conspiring to knowingly and willfully make materially false, fictitious and fraudulent statements, or provide false information and documents containing false information, or conceal material information, concerning matters within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001. Count 6 charges the defendant with making materially false, fictitious and fraudulent statements to the FBI regarding Daniel Maldonado. Count 7 charges the defendant with making materially false, fictitious and fraudulent statements to the FBI regarding a February 2004 trip to Yemen. In order to find the defendant guilty of making a false statement in a matter within the jurisdiction of a government agency, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:[19]

> FIRST:    that the defendant knowingly made a material
>           false statement;
>
> SECOND:   that the defendant made the statement voluntarily
>           and intentionally; and

---

[19] Adapted from First Circuit Pattern Jury Instructions (Criminal), Instr. 4.08 (2010).

THIRD:     the defendant made the statement to an employee
           of a Federal Agency.

IN ADDITION,

If you find that the defendant's actions satisfied these
elements, then you should mark on the verdict slip that the
defendant is guilty, and then you  must also determine whether
the government has proven an additional FOURTH element beyond a
reasonable doubt:

FOURTH:    the defendant made the statement during an
           investigation involving international or domestic
           terrorism.

Only consider this fourth element as to each Count Six and
Seven AFTER you have first determined that the defendant is
guilty of the count you are considering.

<u>**GOVERNMENT PROPOSED INSTRUCTION**</u>
**(DEFINITION OF "MATTER WITHIN JURISDICTION OF EXECUTIVE BRANCH"
- COUNTS 5-7)**

As a matter of law, I instruct you that (1) the Federal
Bureau of Investigation, Department of Justice is an agency
within the jurisdiction of the Executive Branch of the U.S.
government.

<u>**GOVERNMENT PROPOSED INSTRUCTION**</u>
**(FALSE STATEMENTS INVOLVING DOMESTIC OR INTERNATIONAL
TERRORISM - COUNTS 6-7)**

DEFINITION OF AN INVESTIGATION INVOLVING INTERNATIONAL

TERRORISM:

The investigation involved international terrorism if in
any way the investigation involved:
a. violent acts or acts dangerous to human life that are a
violation of the criminal laws of a foreign country or would be
a criminal violation if committed within the jurisdiction of the
United States;
b. those acts appear to be intended to intimidate or coerce a
civilian population or to influence the policy of a government
by intimidation or coercion or to affect the conduct of a

government by mass destruction, assassination, or kidnaping;
and,

c. those acts occurred primarily outside the territorial
jurisdiction of the United States, or transcended national
boundaries in terms of the means by which they are accomplished,
the persons they appear intended to intimidate or coerce, or the
locale in which their perpetrators operate or seek asylum.


**GOVERNMENT PROPOSED INSTRUCTION**
**("MATERIALITY" ELEMENT - COUNTS 5-7)**

A statement is "material" if it has a natural tendency to
influence or be capable of influencing the decision or
decisionmaker to which it was addressed, regardless of whether
the agency actually relied upon it.  In other words, "[a]
materially false statement is one that "had a natural tendency
to influence, or was capable of influencing the decision of a
government agency in making a determination required to be
made."  The government need not show that the agency was
actually influenced by the statements involved.  If a statement
could have provoked governmental action, it is material
regardless of whether the agency actually relied upon it.[20]

---

[20] Adapted from United States v. Mubayyid, 476 F. Supp. 2d 46, 52 (D. Mass.
2007) (quoting United States v. Notarantonio, 758 F.2d 777 (1st Cir. 1985));
United States v. Sebaggala, 256 F.3d 59, 64 (1st Cir. 2001); United States v.
Arcadipane, 41 F.3d 1, 7 (1st Cir. 1994).

However, whether a statement or representation is "material" does not depend on whether the agency was actually deceived.

**GOVERNMENT'S PROPOSED INSTRUCTION**
**("FALSE STATEMENT" ELEMENT – COUNTS 5-7)**

A statement is "false" if it was untrue when made and was then known to be untrue by the person making it.  A false statement is likely to deceive if the nature of the statement, considering all of the surrounding circumstances at the time, would probably mislead or deceive a reasonable person of ordinary prudence.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION**
**("WILLFUL BLINDNESS" AS A WAY OF SATISFYING "KNOWINGLY")**

 In deciding whether a defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.  In order to infer knowledge, you must find that two things have been established.  First, that the defendant was aware of a high probability of the fact in question.  Second, that the defendant consciously and deliberately avoided learning of that fact.  That is to say, the defendant willfully made himself blind to that fact.  It is entirely up to you to determine whether he deliberately closed

his eyes to the fact and, if so, what inference, if any, should

be drawn.  However, it is important to bear in mind that mere

negligence or mistake in failing to learn the fact is not

sufficient.  There must be a deliberate effort to remain

ignorant of the fact.[21]

**GOVERNMENT'S PROPOSED INSTRUCTION**
     **(INTENT AND MOTIVE DISTINCT)**

     Intent and motive are different concepts and should never

be confused.  Motive is what prompts a person to act, or fail to

act.  Intent refers only to the state of mind with which the act

is done or omitted.  Personal advancement and financial gain,

for example, are two well-recognized motives for much of human

conduct.  These praiseworthy motives, however, may prompt one

person to voluntary acts of good while prompting another person

to voluntary acts of crime.  Good motive alone is never a

defense where the act done or omitted is a crime.  The motive of

the defendant is, therefore, immaterial except insofar as

evidence of motive may aid in the determination of state of mind

or the intent of the defendant.

     Because the motive of the accused is immaterial, it need

not be proved by the United States.  Rather, evidence regarding

motive is relevant only insofar as it sheds light on the intent

---

[21] First Circuit Pattern Jury Instructions (Criminal), Instr. 2.13 (1998).

of the accused.   If the guilt of a defendant is shown beyond a
reasonable doubt, it is immaterial what the motive for the crime
may be -- or whether any motive be shown, but the presence or
absence of motive is a circumstance which you may consider as
bearing on the intent of a defendant.[22]

---

[22] 1 L. Sand et al., <u>Modern Federal Jury Instructions (Criminal)</u>, § 6.06,
Instruction No. 6-18 (2006).

## GOVERNMENT'S PROPOSED INSTRUCTION
### (FIRST AMENDMENT)

The First Amendment is not a defense to a criminal violation.  The question that you, the jury will ultimately decide is whether the criteria of the statute have been proved by the government beyond a reasonable doubt.  That's the precise question YOU, the jury, will answer. You will not decide whether the First Amendment protects something.  You won't be deciding the parameters of the First Amendment.

Speech may be protected if it is not material support as defined by the statute. If it is material support as defined by the statute, it is not protected. So the question whether or not it's protected is one that turns on the question whether it amounts to what the statute condemns or not.  And if it does amount to it, then it's not protected and it can be punished, and if it is -- if it does not meet the criterion of the statute, then the statute cannot forbid it. [23]

---

[23] Adapted from the statement of the Court on October 26, 2011, at page 24-25.

**GOVERNMENT'S PROPOSED INSTRUCTION**
(FREEDOM OF RELIGION)


The First Amendment's guarantee of Freedom of Religion is not a defense to a criminal violation.


**GOVERNMENT'S PROPOSED INSTRUCTION**
(FACTUAL IMPOSSIBILITY)


Whether a defendant's attempt to commit a crime could not have succeeded as a matter of fact, is irrelevant as to the issue of whether the defendant attempted to or conspired to commit the crime.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-CR-10017-GAO

**<u>VERDICT</u>**

**<u>COUNT ONE</u>**

As to Count One of the Indictment, charging the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown to provide material support and resources to a foreign terrorist organization, namely al Qa'ida, knowing that al Qa'ida was a designated terrorist organization or that al Qa'ida had engaged in and was engaging in terrorist activity and terrorism:

_____ NOT GUILTY       _____ GUILTY

**<u>COUNT TWO</u>**

As to Count Two of the Indictment, charging the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown to provide material support or resources or to conceal and disguise the nature, location, source, and ownership of such material support and resources, knowing and intending that the material support or resources was to be used in preparation for and in carrying out violations of 18 U.S.C. §956 (conspiracy to kill in a foreign country), or §2332 (extraterritorial homicide of a U.S. national):

_____ NOT GUILTY       _____ GUILTY

**<u>COUNT THREE</u>**

As to Count Three of the Indictment, charging the defendant with providing or attempting to provide, material support or resources, knowing and intending that the material support and

resources were to be used in preparation for and in carrying out violations of 18 U.S.C. §956 (conspiracy to kill, kidnap, maim, or injure persons in a foreign country), and §2332 (extraterritorial homicide of U.S. national):

_____ NOT GUILTY      _____ GUILTY

## COUNT FOUR

As to Count Four of the Indictment, charging the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown to commit acts outside the United States that would constitute the offense of murder if committed in the jurisdiction of the United States:

_____ NOT GUILTY      _____ GUILTY

## COUNT FIVE

As to Count Five of the Indictment, charging the defendant with conspiring and agreeing with AHMAD ABOUSAMRA and others known and unknown to make materially false, fictitious and fraudulent statements, and provide false information and documents containing false information, and conceal material information, concerning matters within the jurisdiction of the executive branch of the Government of the United States:

_____ NOT GUILTY      _____ GUILTY

## COUNT SIX

As to Count Six of the Indictment, charging the defendant with making materially false, fictitious and fraudulent statements to the Federal Bureau of Investigation on December 16, 2006 when he provided information regarding the whereabouts and activities of Daniel Maldonado:

_____ NOT GUILTY      _____ GUILTY

If you have found the defendant Guilty of Count Six, do you find, beyond a reasonable doubt, the defendant made the false statement during an investigation involving international or domestic terrorism?

_____ YES               _____ NO

## COUNT SEVEN

As to Count Seven of the Indictment, charging the defendant with making materially false, fictitious and fraudulent statements to the Federal Bureau of Investigation on December 16, 2006 when he provided information regarding a February 2004 trip to Yemen:

_____ NOT GUILTY      _____ GUILTY

If you have found the defendant Guilty of Count Seven, do you find, beyond a reasonable doubt, the defendant made the false statement during an investigation involving international or domestic terrorism?

_____ YES               _____ NO